**PICK–N–PULL AUTO DISMANT-LERS, A California Partner-ship, Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT OF THE CITY OF FORT WORTH and The City of Fort Worth, Texas, Appellees.**

No. 2–00–171–CV.

Court of Appeals of Texas, Fort Worth.

May 3, 2001.

Walter W. Leonard, Fort Worth, for Appellant.

Theodore P. Gorski, Marcella Olson, Asst. City Attys., Fort Worth, for Appellee.

Before LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

### INTRODUCTION

Appellant Pick–N–Pull Auto Dismantlers, A California Partnership (Pick–N–Pull), appeals the trial court's order denying its motion for summary judgment and granting Appellee Zoning Board of

Adjustment of the City of Fort Worth's (the Board) motion for summary judgment.[1] We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 1998, Pick–N–Pull filed an application for a special exception to operate an automobile dismantling and retail parts sales facility in an area zoned heavy industrial within Fort Worth. On January 6, 1999, the Board heard testimony from proponents and opponents to the application. The Board unanimously agreed to continue the hearing until February 3 in order to obtain more information upon which to make a decision. On February 3, the Board heard testimony from its staff, proponents, and opponents and received letters of support and opposition. At the conclusion of the hearing, the Board voted to deny the special exception.

Pick–N–Pull filed a petition for writ of certiorari before the trial court, appealing the Board's decision. The trial court granted the writ of certiorari and ordered the Board to file its return[2] with the court in accordance with section 211.011 of the local government code. TEX.LOC. GOV'T CODE ANN. § 211.011(d). The Board and the City filed an answer generally denying the allegations in Pick–N–Pull's petition. The Board then filed its return. In addition, the Board and the City filed a motion for protective order seeking to limit the scope of discovery in the case. The trial court granted the Board and the City's

motion for protective order and severed Pick–N–Pull's constitutional and federal claims from the appeal brought under section 211.011. The court abated the federal claims until the state issues could be resolved.

The Board filed a motion for summary judgment. Pick–N–Pull also filed a motion for summary judgment. After a hearing, the trial court granted the Board's motion and denied Pick–N–Pull's. Pick–N–Pull filed a motion for new trial, which the trial court denied.

### THE COMPLAINT

In its sole point on appeal, Pick–N–Pull argues that the trial court erred by granting the Board's motion for summary judgment: (1) because certain factual issues were unresolved; and (2) because the action allowed the Board to improperly amend the zoning ordinance under the guise of interpretation.

### STANDARDS OF REVIEW

#### A. Challenging Action of Zoning Board of Adjustment

Section 211.011 of the local government code expressly provides a means for challenging an action taken by a city's zoning board of adjustment. TEX.LOC. GOV'T CODE ANN. § 211.011. The statute provides that a person aggrieved by a zoning board's action may petition a court

---

1. Although Pick–N–Pull filed its petition against the Board and the City of Fort Worth (the City), it sought no separate relief against the City. Furthermore, the only relief the court could have granted would have been reversal or modification of the Board's decision. TEX.LOC.GOV'T CODE ANN. § 211.011(f) (Vernon Supp.2001). Therefore, the trial court's order denying Pick–N–Pull's motion for summary judgment and granting the Board's motion for summary judgment disposes of all parties and issues in this appeal.

2. Section 211.011 of the local government code provides that the court may grant a writ of certiorari directed to the board to review the board's decision. TEX.LOC.GOV'T CODE ANN. § 211.011(c). The board is then required to file a "return" with the court stating any pertinent and material facts that show the grounds of the decision under appeal. *Id.* § 211.011(d).

of record for a writ of certiorari within ten days after the board's decision is filed. *Id.* The district court sits only as a court of review, and the only question that may be raised by a petition for writ of certiorari is the legality of the board's order. *Id.* § 211.011(a); *SWZ, Inc. v. Bd. of Adjust.,* 985 S.W.2d 268, 269–70 (Tex.App.—Fort Worth 1999, pet. denied); *Southwest Paper Stock, Inc. v. Zoning Bd. of Adjust.,* 980 S.W.2d 802, 805 (Tex.App.—Fort Worth 1998, pet. denied).

 The legality of the board's decision to deny a special exception is a question of law. *Southwest Paper Stock,* 980 S.W.2d at 805. A legal presumption exists in favor of the board's order, and the party attacking it has the burden of establishing that the board clearly abused its discretion. *SWZ,* 985 S.W.2d at 270; *Southwest Paper Stock,* 980 S.W.2d at 805. In order to establish that the board abused its discretion the contesting party must demonstrate that the board acted arbitrarily and unreasonably, without reference to any guiding rules or principles. *Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The district court cannot put itself in the board's position or substitute its discretion for that of the board. *Downer,* 701 S.W.2d at 241–42; *SWZ,* 985 S.W.2d at 270.

### B. Summary Judgment

 The issue of whether the board abused its discretion is a question of law that is appropriately determined by summary judgment. *Southwest Paper Stock,* 980 S.W.2d at 806. In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin,* 589 S.W.2d at 678.

 Here, we must determine whether the Board proved as a matter of law that it did not abuse its discretion. In other words, if there is some evidence of substantive and probative character supporting the Board's decision, the trial court did not abuse its discretion by granting the Board's motion for summary judgment. *Southwest Paper Stock,* 980 S.W.2d at 805–06; *Tex. Dep't of Health v. Buckner,* 950 S.W.2d 216, 218 (Tex.App.—Fort Worth 1997, no writ); *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

### The Evidence

 The Board, by its return, introduced evidence that it considered in determining that Pick–N–Pull's proposed auto dismantling facility would not be compatible with existing uses in the area in which the special exception was sought. Specifically, the Board received letters in support and opposition of granting the special exception. A letter from Transport International Pool, Inc. expressed concern about a loss of "environmental integrity of the river corridor." A letter from Goals for East Fort Worth pointed to the fact that the facility would be within a few hundred feet of residential areas and in an established greenbelt area. A letter from the Fort Worth Transportation Authority stated that the proposed facility could have a

potentially hazardous impact on the Railtran Corridor. Specifically, the letter stated that the entrance to the facility would be within 100 feet of a railroad crossing and that the proposed site would be visible to passengers on the Railtran commuter railway as they approached downtown Fort Worth, thereby contributing to the "visual impression" of the city. The Board also heard testimony from George Frost, a member of the East Fort Worth Business Association, stating that his association was opposed to the facility because it would be detrimental to the development of the east side of the city. In addition, several other individuals spoke in opposition of the facility. One of the individuals, Evelyn Law, visited and took pictures of Pick–N–Pull's facility in Dallas. The pictures were a direct contrast to the testimony of the Pick–N–Pull representatives regarding the cosmetic features of their facilities. The pictures showed the facility had gravel parking lots and no trees, grass, or other greenery.

Pick–N–Pull's representatives testified that it runs a clean operation and is a good neighbor. They also testified that the cars were drained of all fluid before being placed on the lot. However, the pictures showed several cars with oil and other fluids underneath them, which the Board believed could create potential environmental dangers and run-off.

### Analysis

The Board as fact finder was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Benoit v. Wilson,* 150 Tex. 273, 281, 239 S.W.2d 792, 796–97 (1951). The Board was also entitled to weigh the evidence, both favorable and unfavorable, as it saw fit to resolve conflicts in the testimony. *Id.* Moreover, the Board does not abuse its discretion by basing its decision on conflicting evidence. *Southwest Paper Stock,* 980 S.W.2d at 805. No abuse of discretion exists as long as some evidence of a substantive and probative nature supports the Board's decision. *Id.* at 805–06.

After carefully reviewing the evidence, we cannot say that the Board abused its discretion in denying the special exception. The evidence demonstrated that there was some substantive and probative evidence supporting the Board's decision. We hold that the trial court did not err by denying Pick–N–Pull's motion for summary judgment and granting the Board's motion for summary judgment. We overrule Pick–N–Pull's sole point on appeal.

### Conclusion

Having overruled Pick–N–Pull's sole point, we affirm the trial court's judgment.