NO KEY WORDS





COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-061-CV
 
 
IVAN 
HARRIS                                                                        APPELLANT
 
V.
 
BOARD 
OF ADJUSTMENT OF THE                                           APPELLEES
CITY 
OF FORT WORTH AND THE
CITY 
OF FORT WORTH
 
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        Appellant 
Ivan Harris appeals the summary judgment granted in favor of Appellees, the 
Board of Adjustment of the City of Fort Worth (“the Board”) and the City of 
Fort Worth (jointly, “Appellees”), arising from the denial of Harris’s 
application for a variance.  In three points, he argues that the trial 
court erred by granting summary judgment for Appellees, that the trial court 
committed reversible error by failing to consider his equal protection claims, 
and that he was denied his right to due process in the first hearing because 
panel members did not understand the documentation.  We will affirm.
II. Procedural 
Background
        In 
March 2000, Harris filed an application for a variance of the zoning ordinance 
that requires a ten-foot side yard.  He planned to add an enclosed garage 
to his home that would encroach six feet into the side yard, leaving only a 
four-foot side yard on a lot that is exposed to the public on a side 
street.  The Board held a hearing on Harris’s variance application in 
April 2000 and denied the application.  Thereafter, Harris began 
constructing the garage despite the denial of the variance request.
        In 
early 2001, Harris filed another variance application, requesting continued use 
of the garage that encroached four feet, nine inches into the side yard, 
creating a five foot, three inch side yard instead of the minimum required 
ten-foot side yard. In March 2001, the Board denied that application.  
Harris appealed this denial to the county court at law.
        Appellees 
filed their first motion for summary judgment in April 2002, and the trial court 
denied it because there was confusion in the record regarding the Board’s vote 
on Harris’s variance request.  Appellees filed their second motion for 
summary judgment in August 2002.  Thereafter, the trial court abated the 
proceedings and remanded the case to the Board for a new hearing.  The 
Board held a hearing in November 2002 and denied the variance after hearing 
safety issues related to the need for the ten-foot side yard.  Afterwards, 
Harris filed a petition for writ of certiorari with the county court at law 
pursuant to Local Government Code 211.011, and Appellees filed a return. Tex. Loc. Gov’t Code Ann. § 211.011 
(Vernon Supp. 2004-05).
        In 
2003, Appellees filed their third motion for summary judgment, and Harris also 
filed a motion for summary judgment.  The trial court granted Appellees’ 
motion for summary judgment and denied Harris’s motion for summary 
judgment.  Harris appeals the trial court’s summary judgment for 
Appellees.
III. Trial 
Court Properly Granted Summary Judgment
        In 
his first point, Harris argues that the trial court committed reversible error 
by granting summary judgment for Appellees because the standard for review was 
abuse of discretion.  Appellees respond that Harris’s arguments fail to 
show error by the trial court.
        Section 
211.011 of the local government code expressly provides a means for challenging 
an action taken by a city’s zoning board of adjustment.  Id.  
The statute provides that a person aggrieved by a zoning board’s action may 
petition a court of record for a writ of certiorari within ten days after the 
board’s decision is filed.  Id.  The district court sits only 
as a court of review, and the only question that may be raised by a petition for 
writ of certiorari is the legality of the board’s order.  Id. § 
211.011(a); Pick-N-Pull Auto Dismantlers v. Zoning Bd. of Adjustment of City 
of Fort Worth, 45 S.W.3d 337, 340 (Tex. App.—Fort Worth 2001, pet. 
denied); SWZ, Inc. v. Bd. of Adjustment of City of Fort Worth, 985 S.W.2d 
268, 269-70 (Tex. App.—Fort Worth 1999, pet. denied); Southwest Paper 
Stock, Inc. v. Zoning Bd. of Adjustment of City of Fort Worth, 980 S.W.2d 
802, 805 (Tex. App.—Fort Worth 1998, pet. denied).
        The 
trial court must only answer a question of law, i.e., whether the board abused 
its discretion.  See City of Dallas v. Vanesko, 127 S.W.3d 
220, 224 (Tex. App.—Dallas 2003, pet. granted).  A legal presumption 
exists in favor of the board’s order, and the party attacking it has the 
burden of establishing that the board clearly abused its discretion.  Pick-N-Pull, 
45 S.W.3d at 340.  To establish that the board abused its discretion, the 
consulting party must demonstrate that the board acted arbitrarily and 
unreasonably, without reference to any guiding rules or principles.  Garcia 
v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999); Pick-N-Pull, 45 S.W.3d 
at 340.  The district court cannot put itself in the board’s position or 
substitute its discretion for that of the board.  Downer v. Aquamarine 
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 
476 U.S. 1159 (1986); Pick-N-Pull, 45 S.W.3d at 340.  The board does 
not abuse its discretion by basing its decision on conflicting evidence.  See 
Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); Southwest Paper Stock, 
980 S.W.2d at 805.
        The 
issue of whether the board abused its discretion is a question of law that is 
appropriately determined by summary judgment. Pick-N-Pull, 45 S.W.3d at 
340.  In a summary judgment case, the issue on appeal is whether the movant 
met its summary judgment burden by establishing that no genuine issue of 
material fact exists and that the movant is entitled to judgment as a matter of 
law. Tex. R. Civ. P. 166a(c); KPMG Peat 
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 
1999); Pick-N-Pull, 45 S.W.3d at 340.  The summary judgment will be 
affirmed only if the record establishes that the movant has conclusively proved 
all essential elements of the movant’s cause of action or defense as a matter 
of law. Pick-N-Pull, 45 S.W.3d at 340.
        Here, 
we must determine whether the Board proved as a matter of law that it did not 
abuse its discretion in denying Harris’s variance request. In other words, if 
there is some evidence of substantive and probative character supporting the 
Board’s decision, the trial court did not abuse its discretion by granting the 
Board’s motion for summary judgment.  Id.; Southwest Paper 
Stock, 980 S.W.2d at 805-06.
        The 
Board, by its return, introduced evidence that it considered in denying 
Harris’s variance.  The Board received a letter from one of Harris’s 
neighbors stating that he opposed the variance request because he chose the 
neighborhood based on the fact that the houses were not cramped.  The 
Planning Department made the following comments on Harris’s variance 
application:
  
•DOES NOT describe unnecessary hardship 
or practical difficulty.

•Conditions 
described ARE NOT unique.

•IS NOT a result of condition or age of 
property.

•Conditions 
described DO NOT satisfy the burden of 
proof.

•Adjacent 
property WILL be adversely impacted.

•Approval 
WILL impair uniform application of 
Ordinance.

•Use 
DOES conform to the 2000 Comprehensive 
Plan.

•Other: Applicant was informed of setback prior 
to beginning construction.
  
At 
the hearing, the Board heard testimony that South Drive, the street on which 
Harris’s garage is located, is a “little more significant street than just 
the standard neighborhood collector” because it connects Trail Lake Drive to 
the eastern portion of Hulen Mall.  Harris’s counsel pointed out that the 
busyness of South Drive had at times raised safety concerns and that speed bumps 
and stop lights had been installed to correct problems where automobiles had run 
into houses.
        However, 
these correctional measures did not alleviate the Board members’ concerns 
about the safety of Harris’s encroachment into the side yard.  For 
instance, one Board member commented that he had “a great deal of discomfort 
with a five foot[,] three inch side yard even on a straight street” and 
further stated that “when it’s exactly on a [curve], I think that is a real 
problem and I cannot support it.”  Another Board member stated that
  
[t]he concern I have is that on busy streets, you have wider setbacks for safety 
reasons, and obviously there have been problems because they put in stop[] signs 
and flashing lights and all these things.  And . . . the reason that you 
have setbacks is for safety[,] and it seems to me that to just ignore that is 
kind of a bad precedent.
  

Additionally, 
some Board members were concerned about the fact that Harris in effect created 
the hardship by constructing the garage after his initial variance application 
was denied.  See Vanesko, 127 S.W.3d at 225 (citing Dallas City Code 
stating that variance may not be granted to relieve a self-created or personal 
hardship); see also Reiter v. City of Keene, 601 S.W.2d 547, 549 (Tex. 
Civ. App.—Waco 1980, writ dism’d) (stating that Texas courts have held that 
property owner must show that enforcement of ordinance would destroy any 
reasonable use of property), cert. denied, 452 U.S. 965 (1981).
        After 
carefully reviewing the evidence, we hold that there was some probative and 
substantive evidence to support the Board’s decision to deny Harris’s 
variance.  See Pick-N-Pull, 45 S.W.3d at 341 (approving Board’s 
decision to deny special exception); Southwest Paper Stock, 980 S.W.2d at 
808 (same).  As a result, we hold that the Board’s summary judgment 
evidence established as a matter of law that the Board did not abuse its 
discretion in denying Harris’s application for variance.  See 
Pick-N-Pull, 45 S.W.3d at 341 (finding no abuse of discretion); Southwest 
Paper Stock, 980 S.W.2d at 809 (same).  We overrule Harris’s first 
point.
IV. No 
Constitutional Violations In Variance Process
        In 
his second and third points, Harris contends that the trial court committed 
reversible error by failing to consider his constitutional claims in ruling on 
the motion for summary judgment and that he was denied his right to due process 
in the first hearing because one of the panel members did not understand the 
documentation provided by the City Attorney’s office.  Appellees respond 
that Harris has failed to show that the trial court erred by granting their 
summary judgment motion.  Specifically, Appellees contend that Harris’s 
equal protection claims fail because he did not demonstrate that he was treated 
differently than other similarly situated individuals and that Harris’s due 
process claims fail because he cannot prove that he had a constitutionally 
protected interest in a variance.
        A.     No Equal 
Protection Violation
        The 
principle of equal protection guarantees that “all persons similarly situated 
should be treated alike.” City of Cleburne v. Cleburne Living Ctr., 473 
U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985); see Mayhew v. Town of Sunnyvale, 
964 S.W.2d 922, 939 (Tex. 1998), cert. denied, 526 U.S. 1144 
(1999).  An as-applied equal protection claim requires that the government 
treat the claimant different from other similarly-situated landowners without 
any reasonable basis.  Mayhew, 964 S.W.2d at 939.  As a general 
rule, an ordinance is not rendered either invalid or inoperative by the failure 
of officials to enforce it on other occasions.  Maguire Oil Co. v. City 
of Houston, 69 S.W.3d 350, 370 (Tex. App.—Texarkana 2002, pet. 
denied).  Instead, the ordinance generally must only be rationally related 
to a legitimate state interest to survive an equal protection challenge, unless 
the ordinance discriminates against a suspect class.  Id.  
Economic regulations, including zoning decisions, have traditionally been 
afforded only rational relation scrutiny under the equal protection 
clause.  See City of Cleburne, 473 U.S. at 440, 105 S. Ct. at 
3254-55.
        Here, 
Harris claims that during the period from April 4, 2001 to November 6, 2002, 
sixty-one permits were granted for construction that was already completed, 
eighteen permits were granted for construction that had then begun, and 
twenty-four permits had been granted for reconstruction of buildings that did 
not comply with the City’s code requirements.  However, Harris provides 
no breakdown showing the types of permits that were granted.
        Appellees, 
however, provided a chart showing a breakdown of the variance applications for 
existing construction, continued construction, and reconstruction as they 
pertained to carports, garages, and other categories. Of the 239 total variance 
requests for existing construction, only eight pertained to garages.  Of 
those eight, the Board approved four and denied four.  Additionally, during 
Harris’s November 2, 2002 hearing, the Board distinguished two cases where it 
had approved encroachment into the side yard because those cases involved 
internal lots, rather than a lot like Harris’s that is exposed to the public 
on a street side.  Consequently, the Board did not treat similarly-situated 
individuals differently than it treated Harris where the Board approved half of 
the garage variances requested and denied the other half.
        Moreover, 
the Board indicated that its decision turned on the safety concerns involved 
with South Drive being a busy street.  As such, the Board’s decision to 
deny Harris’s requested variance was rationally related to its interest in 
keeping citizens safe.  Finding no evidence of discrimination in the record[2] and holding that the side yard ordinance, as applied to 
Harris, does not violate the Equal Protection Clause, we hold that the trial 
court did not abuse its discretion in denying Harris’s motion for summary 
judgment.  See Mayhew, 964 S.W.2d at 939 (finding no equal 
protection violation where denial of development application was clearly 
rationally related to Town’s concerns regarding urbanization effects of 
development).  We overrule Harris’s second point.
        B.     No Due 
Process Violation
        A 
court should not set aside a zoning determination for a substantive due process[3] violation unless the action “has no foundation in reason 
and is a mere arbitrary or irrational exercise of power having no substantial 
relation to the public health, the public morals, the public safety[,] or the 
public welfare in its proper sense.”  Nectow v. City of Cambridge, 
277 U.S. 183, 187-88, 48 S. Ct. 447, 448 (1928); Mayhew, 964 S.W.2d at 
938.  A generally applicable zoning ordinance will survive a substantive 
due process challenge if it is designed to accomplish an objective within the 
government’s police power and if a rational relationship exists between the 
ordinance and its purpose.  Mayhew, 964 S.W.2d at 938.  This 
deferential inquiry does not focus on the ultimate effectiveness of the 
ordinance, but on whether the enacting body could have rationally believed at 
the time of enactment that the ordinance would promote its objective.  Williamson 
v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 487-88, 75 S. Ct. 461, 465 
(1955); Mayhew, 964 S.W.2d at 938.  If it is at least fairly 
debatable that the decision was rationally related to legitimate government 
interests, the decision must be upheld.  See Minnesota v. Clover Leaf 
Creamery Co., 449 U.S. 456, 464, 101 S. Ct. 715, 723-24 (1981); Mayhew, 
964 S.W.2d at 938.  The ordinance will violate substantive due process only 
if it is clearly arbitrary and unreasonable.  Mayhew, 964 
S.W.2d at 938.
        Here, 
Harris complains that one of the Board members at his first hearing did not 
understand the dimensions of the land.  The Board member in question 
mentioned at the second hearing that she thought granting the variance would put 
the garage “too close to South Drive, which is a very busy street.”  
She explained that she later discovered that there is more of a right-of-way on 
South Drive such that Harris’s garage backed up “a little further than [she] 
had thought it was going to be.”  She concluded that she might have voted 
differently at the first hearing had she understood the layout.
        As 
stated above, the evidence attached to the Board’s return shows that it based 
its decision to deny the variance on safety concerns.  The zoning ordinance 
requires wider side yards because South Drive is a busy neighborhood collector 
that runs near a mall.  Thus, the ordinance is a legitimate exercise of the 
City’s police power where it is reasonably necessary to protect homeowners and 
drivers along that street.  See Trail Enters., Inc. v. City of Houston, 
957 S.W.2d 625, 635 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) 
(stating that reasonable regulations to promote health, safety, and general 
welfare of people are valid exercise of city’s police power), cert. denied, 
525 U.S. 1070 (1999).  Moreover, the evidence was not sufficient to 
demonstrate that the City acted irrationally or arbitrarily in rejecting 
Harris’s application for variance where safety was at issue.  See 
Mayhew, 964 S.W.2d at 938.
        Because 
the zoning ordinance in question is rationally related to a legitimate 
governmental interest (i.e., protecting the safety of homeowners and drivers on 
South Drive), it does not violate Harris’s substantive due process 
rights.  See Trail Enters., Inc., 957 S.W.2d at 635 (holding that 
ordinance prohibiting drilling in watershed area did not violate appellant’s 
substantive due process rights where it was reasonably related to legitimate 
state interest of protecting City’s water supply).  We overrule 
Harris’s third point.
V. Conclusion
        Having 
overruled all of Harris’s points, we affirm the trial court’s judgment.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
B:   LIVINGSTON, HOLMAN, and WALKER, JJ.
 
DELIVERED: 
January 6, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Harris does not claim to be part of a protected class, nor does he explain how 
the ordinance discriminates against a suspect class.
3.  
We assume that Harris’s due process claim is one of substantive due process, 
rather than procedural due process, because he was afforded procedural due 
process at the variance application proceeding.  See Bd. of Adjustment 
of City of Dallas v. Patel, 887 S.W.2d 90, 93 (Tex. App.—Texarkana 1994, 
writ denied).  He had adequate notice, three hearings, and a full 
opportunity to present evidence.