Ivan Harris v. Bd. of Adj. of the City of Fort Worth and the City of Fort Worth

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-061-CV

IVAN HARRIS APPELLANT

V.

BOARD OF ADJUSTMENT OF THE APPELLEES

CITY OF FORT WORTH AND THE 

CITY OF FORT WORTH

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Ivan Harris appeals the summary judgment granted in favor of Appellees, the Board of Adjustment of the City of Fort Worth (“the Board”) and the City of Fort Worth (jointly, “Appellees”), arising from the denial of Harris’s application for a variance.  In three points, he argues that the trial court erred by granting summary judgment for Appellees, that the trial court committed reversible error by failing to consider his equal protection claims, and that he was denied his right to due process in the first hearing because panel members did not understand the documentation.  We will affirm.

II.  Procedural Background

In March 2000, Harris filed an application for a variance of the zoning ordinance that requires a ten-foot side yard.  He planned to add an enclosed garage to his home that would encroach six feet into the side yard, leaving only a four-foot side yard on a lot that is exposed to the public on a side street.  The Board held a hearing on Harris’s variance application in April 2000 and denied the application.  Thereafter, Harris began constructing the garage despite the denial of the variance request. 

In early 2001, Harris filed another variance application, requesting continued use of the garage that encroached four feet, nine inches into the side yard, creating a five foot, three inch side yard instead of the minimum required ten-foot side yard.  In March 2001, the Board denied that application.  Harris appealed this denial to the county court at law.  

Appellees filed their first motion for summary judgment in April 2002, and the trial court denied it because there was confusion in the record regarding the Board’s vote on Harris’s variance request.  Appellees filed their second motion for summary judgment in August 2002.  Thereafter, the trial court abated the proceedings and remanded the case to the Board for a new hearing.  The Board held a hearing in November 2002 and denied the variance after hearing safety issues related to the need for the ten-foot side yard.  Afterwards, Harris filed a petition for writ of certiorari with the county court at law pursuant to Local Government Code 211.011, and Appellees filed a return.  
Tex. Loc. Gov’t Code Ann.
 § 211.011 (Vernon Supp. 2004-05). 

In 2003, Appellees filed their third motion for summary judgment, and Harris also filed a motion for summary judgment.  The trial court granted Appellees’ motion for summary judgment and denied Harris’s motion for summary judgment.  Harris appeals the trial court’s summary judgment for Appellees.

III.  Trial Court Properly Granted Summary Judgment

In his first point, Harris argues that the trial court committed reversible error by granting summary judgment for Appellees because the standard for review was abuse of discretion.  Appellees respond that Harris’s arguments fail to show error by the trial court. 

Section 211.011 of the local government code expressly provides a means for challenging an action taken by a city’s zoning board of adjustment.  
Id
.  The statute provides that a person aggrieved by a zoning board’s action may petition a court of record for a writ of certiorari within ten days after the board’s decision is filed.  
Id.
  The district court sits only as a court of review, and the only question that may be raised by a petition for writ of certiorari is the legality of the board’s order.  
Id.
 § 211.011(a); 
Pick-N-Pull Auto Dismantlers v. Zoning Bd. of Adjustment of City of Fort Worth
, 45 S.W.3d 337, 340 (Tex. App.—Fort Worth 2001, pet. denied); 
SWZ, Inc. v. Bd. of Adjustment of City of Fort Worth
, 985 S.W.2d 268, 269-70 (Tex. App.—Fort Worth 1999, pet. denied); 
Southwest Paper Stock, Inc. v. Zoning Bd. of Adjustment of City of Fort Worth
, 980 S.W.2d 802, 805 (Tex. App.—Fort Worth 1998, pet. denied)
.

The trial court must only answer a question of law, i.e., whether the board abused its discretion.  
See
 
City of Dallas v. Vanesko
, 127 S.W.3d 220, 224 (Tex. App.—Dallas 2003, pet. granted).  A legal presumption exists in favor of the board’s order, and the party attacking it has the burden of establishing that the board clearly abused its discretion.  
Pick-N-Pull
, 45 S.W.3d at 340.  To establish that the board abused its discretion, the consulting party must demonstrate that the board acted arbitrarily and unreasonably, without reference to any guiding rules or principles.  
Garcia v. Martinez
, 988 S.W.2d 219, 222 (Tex. 1999); 
Pick-N-Pull
, 45 S.W.3d at 340.  The district court cannot put itself in the board’s position or substitute its discretion for that of the board.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986); 
Pick-N-Pull
, 45 S.W.3d at 340.  The board does not abuse its discretion by basing its decision on conflicting evidence.  
See Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978); 
Southwest Paper Stock
, 980 S.W.2d at 805.

The issue of whether the board abused its discretion is a question of law that is appropriately determined by summary judgment.
  Pick-N-Pull
, 45 S.W.3d at 340.  In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999); 
Pick-N-Pull
, 45 S.W.3d at 340. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Pick-N-Pull
, 45 S.W.3d at 340. 

Here, we must determine whether the Board proved as a matter of law that it did not abuse its discretion in denying Harris’s variance request.  In other words, if there is some evidence of substantive and probative character supporting the Board’s decision, the trial court did not abuse its discretion by granting the Board’s motion for summary judgment.  
Id.
; 
Southwest Paper Stock
, 980 S.W.2d at 805-06.

The Board, by its return, introduced evidence that it considered in denying  Harris’s variance.  The Board received a letter from one of Harris’s neighbors stating that he opposed the variance request because he chose the neighborhood based on the fact that the houses were not cramped.  The Planning Department made the following comments on Harris’s variance application:

DOES NOT
 describe unnecessary hardship or practical difficulty.

Conditions described 
ARE NOT
 unique.

IS NOT
 a result of condition or age of property.

Conditions described 
DO NOT
 satisfy the burden of proof.

Adjacent property 
WILL
 be adversely impacted.

Approval 
WILL
 impair uniform application of Ordinance.

Use 
DOES
 conform to the 2000 Comprehensive Plan.

Other: 
 Applicant was informed of setback prior to beginning construction.

At the hearing, the Board heard testimony that South Drive, the street on which Harris’s garage is located, is a “little more significant street than just the standard neighborhood collector” because it connects Trail Lake Drive to the eastern portion of Hulen Mall.  Harris’s counsel pointed out that the busyness of South Drive had at times raised safety concerns and that speed bumps and stop lights had been installed to correct problems where automobiles had run into houses. 

However, these correctional measures did not alleviate the Board members’ concerns about the safety of Harris’s encroachment into the side yard.  For instance, one Board member commented that he had “a great deal of discomfort with a five foot[,] three inch side yard even on a straight street” and further stated that “when it’s exactly on a [curve], I think that is a real problem and I cannot support it.”  Another Board member stated that

[t]he concern I have is that on busy streets, you have wider setbacks for safety reasons, and obviously there have been problems because they put in stop[] signs and flashing lights and all these things.  And . . . the reason that you have setbacks is for safety[,] and it seems to me that to just ignore that is kind of a bad precedent.

Additionally, some Board members were concerned about the fact that Harris in effect created the hardship by constructing the garage after his initial variance application was denied.  
See Vanesko
, 127 S.W.3d at 225 (citing Dallas City Code stating that variance may not be granted to relieve a self-created or personal hardship); 
see also Reiter v. City of Keene
, 601 S.W.2d 547, 549 (Tex. Civ. App.—Waco 1980, writ dism’d) (stating that Texas courts have held that property owner must show that enforcement of ordinance would destroy any reasonable use of property), 
cert. denied
, 452 U.S. 965 (1981).

After carefully reviewing the evidence, we hold that there was some probative and substantive evidence to support the Board’s decision to deny Harris’s variance.  
See Pick-N-Pull
, 45 S.W.3d at 341 (approving Board’s decision to deny special exception); 
Southwest Paper Stock
, 980 S.W.2d at 808 (same).  As a result, we hold that the Board’s summary judgment evidence established as a matter of law that the Board did not abuse its discretion in denying Harris’s application for variance.  
See Pick-N-Pull
, 45 S.W.3d at 341 (finding no abuse of discretion); 
Southwest Paper Stock
, 980 S.W.2d at 809 (same).  We overrule Harris’s first point.

IV.  No Constitutional Violations In Variance Process

In his second and third points, Harris contends that the trial court committed reversible error by failing to consider his constitutional claims in ruling on the motion for summary judgment and that he was denied his right to due process in the first hearing because one of the panel members did not understand the documentation provided by the City Attorney’s office.  Appellees respond that Harris has failed to show that the trial court erred by granting their summary judgment motion.  Specifically, Appellees contend that Harris’s equal protection claims fail because he did not demonstrate that he was treated differently than other similarly situated individuals and that Harris’s due process claims fail because he cannot prove that he had a constitutionally protected interest in a variance. 

A. No Equal Protection Violation

The principle of equal protection guarantees that “all persons similarly situated should be treated alike.”  
City of Cleburne v. Cleburne Living Ctr.
, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985); 
see Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 939 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999).  An as-applied equal protection claim requires that the government treat the claimant different from other similarly-situated landowners without any reasonable basis.  
Mayhew
, 964 S.W.2d at 939.  As a general rule, an ordinance is not rendered either invalid or inoperative by the failure of officials to enforce it on other occasions.  
Maguire Oil Co. v. City of Houston
, 69 S.W.3d 350, 370 (Tex. App.—Texarkana 2002, pet. denied).  Instead, the ordinance generally must only be rationally related to a legitimate state interest to survive an equal protection challenge, unless the ordinance discriminates against a suspect class.  
Id.
  Economic regulations, including zoning decisions, have traditionally been afforded only rational relation scrutiny under the equal protection clause.  
See City of Cleburne
, 473 U.S. at 440, 105 S. Ct. at 3254-55.

Here, Harris claims that during the period from April 4, 2001 to November 6, 2002, sixty-one permits were granted for construction that was already completed, eighteen permits were granted for construction that had then begun, and twenty-four permits had been granted for reconstruction of buildings that did not comply with the City’s code requirements.  However, Harris provides no breakdown showing the types of permits that were granted.

Appellees, however, provided a chart showing a breakdown of the variance applications for existing construction, continued construction, and reconstruction as they pertained to carports, garages, and other categories.  Of the 239 total variance requests for existing construction, only eight pertained to garages.  Of those eight, the Board approved four and denied four. Additionally, during Harris’s November 2, 2002 hearing, the Board distinguished two cases where it had approved encroachment into the side yard because those cases involved internal lots, rather than a lot like Harris’s that is exposed to the public on a street side.  Consequently, the Board did not treat similarly-situated individuals differently than it treated Harris where the Board approved half of the garage variances requested and denied the other half.

Moreover, the Board indicated that its decision turned on the safety concerns involved with South Drive being a busy street.  As such, the Board’s decision to deny Harris’s requested variance was rationally related to its interest in keeping citizens safe.  Finding no evidence of discrimination in the record
(footnote: 2) and holding that the side yard ordinance, as applied to Harris, does not violate the Equal Protection Clause, we hold that the trial court did not abuse its discretion in denying Harris’s motion for summary judgment.  
See Mayhew
, 964 S.W.2d at 939 (finding no equal protection violation where denial of development application was clearly rationally related to Town’s concerns regarding urbanization effects of development).  We overrule Harris’s second point.

B. No Due Process Violation

A court should not set aside a zoning determination for a substantive due process
(footnote: 3) violation unless the action “has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety[,] or the public welfare in its proper sense.”  
Nectow v. City of Cambridge
, 277 U.S. 183, 187-88, 48 S. Ct.  447, 448 (1928); 
Mayhew
, 964 S.W.2d at 938.  A generally applicable zoning ordinance will survive a substantive due process challenge if it is designed to accomplish an objective within the government’s police power and if a rational relationship exists between the ordinance and its purpose.  
Mayhew
, 964 S.W.2d at 938.  This deferential inquiry does not focus on the ultimate effectiveness of the ordinance, but on whether the enacting body could have rationally believed at the time of enactment that the ordinance would promote its objective.  
Williamson v. Lee Optical of Oklahoma, Inc.
, 348 U.S. 483, 487-88, 75 S. Ct. 461, 465 (1955); 
Mayhew
, 964 S.W.2d at 938.  If it is at least fairly debatable that the decision was rationally related to legitimate government interests, the decision must be upheld.  
See Minnesota v. Clover Leaf Creamery Co.
, 449 U.S. 456, 464, 101 S. Ct. 715, 723-24 (1981); 
Mayhew
, 964 S.W.2d at 938.  The ordinance will violate substantive due process only if it is 
clearly
 arbitrary and unreasonable.  
Mayhew
, 964 S.W.2d at 938. 

Here, Harris complains that one of the Board members at his first hearing did not understand the dimensions of the land.  The Board member in question mentioned at the second hearing that she thought granting the variance would put the garage “too close to South Drive, which is a very busy street.”  She explained that she later discovered that there is more of a right-of-way on South Drive such that Harris’s garage backed up “a little further than [she] had thought it was going to be.”  She concluded that she might have voted differently at the first hearing had she understood the layout. 

As stated above, the evidence attached to the Board’s return shows that it based its decision to deny the variance on safety concerns.  The zoning ordinance requires wider side yards because South Drive is a busy neighborhood collector that runs near a mall.  Thus, the ordinance is a legitimate exercise of the City’s police power where it is reasonably necessary to protect homeowners and drivers along that street.  
See Trail Enters., Inc. v. City of Houston
, 957 S.W.2d 625, 635 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (stating that reasonable regulations to promote health, safety, and general welfare of people are valid exercise of city’s police power), 
cert. denied
, 525 U.S. 1070 (1999).  Moreover, the evidence was not sufficient to demonstrate that the City acted irrationally or arbitrarily in rejecting Harris’s application for variance where safety was at issue.  
See Mayhew
, 964 S.W.2d at 938.

Because the zoning ordinance in question is rationally related to a legitimate governmental interest (i.e., protecting the safety of homeowners and drivers on South Drive), it does not violate Harris’s substantive due process rights.  
See Trail Enters., Inc.
, 957 S.W.2d at 635 (holding that ordinance prohibiting drilling in watershed area did not violate appellant’s substantive due process rights where it was reasonably related to legitimate state interest of protecting City’s water supply).  We overrule Harris’s third point.

V.  Conclusion

Having overruled all of Harris’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, HOLMAN, and WALKER, JJ.

DELIVERED: January 6, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Harris does not claim to be part of a protected class, nor does he explain how the ordinance discriminates against a suspect class.

3:
We assume that Harris’s due process claim is one of substantive due process, rather than procedural due process, because he was afforded procedural due process at the variance application proceeding.  
See Bd. of Adjustment of City of Dallas v. Patel
, 887 S.W.2d 90, 93 (Tex. App.—Texarkana 1994, writ denied).  He had adequate notice, three hearings, and a full opportunity to present evidence.