

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00070-CV

| | | |
|---|---|---|
| LIT HW 1, L.P. | § | From the 431st District Court |
| v. | | |
| The Town of Flower Mound, Texas, The Board of Adjustment of the Town Of Flower Mound, Texas, Gavin Poston a/k/a Richard Gavin Poston, in His Capacity as a Member of the Board of Adjustment of the Town of Flower Mound, Texas, Tina Murphy, in Her Capacity as a Member of the Board of Adjustment of the Town Of Flower Mound, Texas, Alisa Rich, in Her Capacity as a Member of the Board Of Adjustment of the Town of Flower Mound, Texas, Carlos Cabre, in His Capacity as a Member of the Board of Adjustment of the Town of Flower Mound, Texas; Scott Baker, in His Capacity as a Member of the Board of Adjustment of the Town of Flower Mound, Texas; Laile Neal, in Her Capacity as a Member of the Board of Adjustment of the Town of Flower Mound, Kendra Stephenson, in Her Capacity as a Member of the Board of Adjustment of the Town of Flower Mound, Texas, and Danny Hartz, Building Official of the Town of | § | of Denton County (2009-20305-158) |
| | § | January 31, 2013 |

Flower Mound, Texas § Opinion by Justice Gabriel

# JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in part of the trial court's judgment. It is ordered that the judgment of the trial court is affirmed in part and reversed in part. We affirm that portion of the trial court's order granting summary judgment as to Flower Mound, the building official, and the individual Board members, and LIT's request that it be awarded costs. We reverse that portion of the trial court's judgment granting summary judgment as to the Board and remand this case to the Board for further proceedings consistent with this opinion.

It is further ordered that the parties shall bear their own costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Gabriel



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00070-CV

LIT HW 1, L.P                                    APPELLANT

V.

THE TOWN OF FLOWER MOUND,            APPELLEES
TEXAS, THE BOARD OF
ADJUSTMENT OF THE TOWN OF
FLOWER MOUND, TEXAS, GAVIN
POSTON A/K/A RICHARD GAVIN
POSTON, IN HIS CAPACITY AS A
MEMBER OF THE BOARD OF
ADJUSTMENT OF THE TOWN OF
FLOWER MOUND, TEXAS, TINA
MURPHY, IN HER CAPACITY AS A
MEMBER OF THE BOARD OF
ADJUSTMENT OF THE TOWN OF
FLOWER MOUND, TEXAS, ALISA
RICH, IN HER CAPACITY AS A
MEMBER OF THE BOARD OF
ADJUSTMENT OF THE TOWN OF
FLOWER MOUND, TEXAS,
CARLOS CABRE, IN HIS
CAPACITY AS A MEMBER OF THE
BOARD OF ADJUSTMENT OF THE
TOWN OF FLOWER MOUND,
TEXAS; SCOTT BAKER, IN HIS
CAPACITY AS A MEMBER OF THE
BOARD OF ADJUSTMENT OF THE
TOWN OF FLOWER MOUND,
TEXAS; LAILE NEAL, IN HER
CAPACITY AS A MEMBER OF THE

BOARD OF ADJUSTMENT OF THE
TOWN OF FLOWER MOUND,
KENDRA STEPHENSON, IN HER
CAPACITY AS A MEMBER OF THE
BOARD OF ADJUSTMENT OF THE
TOWN OF FLOWER MOUND,
TEXAS, AND DANNY HARTZ,
BUILDING OFFICIAL OF THE
TOWN OF FLOWER MOUND,
TEXAS

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

**MEMORANDUM OPINION**[1]

----------

Appellant LIT HW 1, L.P. appeals the trial court's order granting summary judgment in favor of the appellees, the Town of Flower Mound, Texas; the Board of Adjustment of the Town of Flower Mound, Texas; Danny Hartz, Building Official of the Town of Flower Mound, Texas; and Gavin Poston a/k/a Richard Gavin Poston, Tina Murphy, Alisa Rich, Carlos Cabre, Scott Baker, Laile Neal, and Kendra Stephenson, in their capacities as members of the Board of Adjustment of the Town of Flower Mound, Texas. We reverse in part and affirm in part.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

LIT owns a warehouse in Flower Mound, which it leased to Electronic Recyclers International (ERI). ERI is an electronic waste recycler; it receives electronics, six employees disassemble and sort the components, and the pieces are then hauled away to a crushing facility. In June 2009, ERI filed an application with Flower Mound for a certificate of occupancy for LIT's building.

Flower Mound has adopted the 2006 edition of the International Building Code. Section 1204.1 of the code requires "[i]nterior spaces intended for human occupancy" to be provided with heating systems unless the primary purpose of the space "is not associated with human comfort." International Building Code (2006) § 1204.1. Flower Mound's building official interpreted section 1204.1 to mean that the portion of LIT's warehouse where the employees worked must be heated. Because LIT did not have a heating system installed, the building official denied the certificate of occupancy.

LIT appealed the building official's decision to the Board of Adjustment, arguing that the building official incorrectly interpreted the building code. The Board voted three to two to deny the appeal. LIT then filed a petition for certiorari in the trial court.[2] LIT's petition alleged that the Board's decision was a clear

---

[2]The Board of Adjustment is a quasi-judicial body authorized to hear and decide appeals regarding determinations by an administrative official in the enforcement of an ordinance adopted under subchapter 211 of the local government code. *See* Tex. Loc. Gov't Code Ann. § 211.011(a)(1) (West 2008). The Board's decisions are subject to appeal before a state district court, county court, or county court at law upon petition for a writ of certiorari. *Id.*

5

abuse of discretion because (1) a letter from the International Code Council (ICC) stated that section 1204 "is not intended to apply to spaces where manufacturing and assembling work is performed" and (2) the code does not require mixed-use industrial buildings to be equipped with heating systems that satisfy section 1204.1. The writ issued, and the appellees filed a return.

The appellees then filed a motion for summary judgment. They noted that the district court sits only as a court of review and the only question before the court was the legality of the Board's decision. It argued that because there was no clear abuse of discretion, the district court must uphold the Board's decision.

LIT responded, claiming that a statement made by Flower Mound's attorney at the hearing before the Board instructed the Board to use an incorrect standard of review. LIT implied that another statement by the attorney that was "irrelevant, inflammatory apparent hearsay" prejudiced Board member Neal and swayed his vote. LIT also argued that an affidavit from its expert witness Carroll Lee Pruitt established that the building official's interpretation of section 1204.1 was without reference to guiding rules or principles and was arbitrary and unreasonable.

After a hearing, the trial court granted the appellees' motion for summary judgment and dismissed LIT's claims against them. LIT filed a motion for new

---

§ 211.009(a)(1); Flower Mound, Tex., Code of Ordinances § 78-84(e) (2002), *available at* http://www.municode.com/Library/TX/Flower_Mound; *Pick-N-Pull Auto Dismantlers v. Zoning Bd. Of Adjustment of the City of Fort Worth*, 45 S.W.3d 337, 339–40 (Tex. App.—Fort Worth 2001, pet. denied).

trial, arguing again that Flower Mound's attorney's statement at the hearing regarding the standard of review meant that "the Board clearly failed to apply the correct standard of the exercise of its authority." The trial court denied LIT's motion for new trial, and LIT filed this appeal.

## Standard of Review

As stated above, the only question that may be raised by a petition for writ of certiorari to the district court in an appeal of a board's order is the legality of the order. Tex. Loc. Gov't Code Ann. § 211.011(a); *Pick-N-Pull*, 45 S.W.3d at 340. To establish that an adjustment board's order is illegal, the contesting party must make a "very clear showing" that the board abused its discretion. *SWZ, Inc. v. Bd. of Adjustment of City of Fort Worth*, 985 S.W.2d 268, 270 (Tex. App.— Fort Worth 1999, pet. denied). The issue of whether the Board abused its discretion is a question of law that is appropriately determined by summary judgment. *Pick-N-Pull*, 45 S.W.3d at 340. A legal presumption exists in favor of the Board's order, and the party attacking it has the burden of establishing its illegality. *SWZ, Inc*, 985 S.W.2d at 270; *Sw. Paper Stock, Inc. v. Zoning Bd. of Adjustment of City of Fort Worth*, 980 S.W.2d 802, 805 (Tex. App.—Fort Worth 1998, pet. denied).

The test for abuse of discretion is whether a board acted "without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Sw. Paper Stock*, 980 S.W.2d at 805 (quoting *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). The district court cannot

7

put itself in the board's position or substitute its discretion for that of the board. *Pick-N-Pull*, 45 S.W.3d at 340. An abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the board's decision. *Sw. Paper Stock*, 980 S.W.2d at 805–06.

## Discussion

### I. The Board's abuse of discretion

In its first issue, LIT argues that that the Board failed "to consider or apply its proper standard of review."[3] Section 78-84 of Flower Mound's Code of Ordinances states,

> In exercising its powers, the board of adjustment may, in conformity with the provisions of the state statutes, as existing or hereafter amended, reverse or affirm, wholly or partly, or may modify the order, requirements, decision[,] or determination appealed from and make such order, requirement, decision[,] or determination, in the board's opinion, as ought to be made and shall have all the powers of the officer from whom the appeal is taken.

Flower Mound, Tex., Code of Ordinances § 78-84(a). LIT argues that this section provides the standard of review for appeals to the Board; specifically, that the Board should "make such order, requirement, decision[,] or determination, in the board's opinion, as ought to be made." *Id.*

---

[3]This is not a ground of illegality specified in LIT's petition for writ of certiorari filed in the trial court. However, the supreme court has held that this defect is procedural, not jurisdictional, and may be waived. *See Tellez v. City of Socorro*, 226 S.W.3d 413, 414–15 (Tex. 2007) (reversing the dismissal of Tellez's appeal on the basis that his petition did not specify the grounds of illegality because the city did not object in the trial court). The appellees did not object in the trial court and thus waived any objection. *See id.*

8

At the hearing before the Board, Flower Mound's attorney stated that "the Board must decide if the Building Official interpreted the code correctly or incorrectly. He said [LIT] had the burden to establish that the interpretation was incorrect." LIT did not object to this statement but "accepted that [it] had to make [its] case" and argued that the evidence it had provided had "prove[n] [its] case." Vice Chair of the Board, Alisa Rich, asked Flower Mound's attorney what criteria the Board should use in making its decision. The attorney responded, "[T]he Board should make [its] determination in the same type of standard that would apply in a court of law in respect to a civil matter. The Board must decide if [LIT] has met the burden of proof."

After the conclusion of the evidence, the Board members deliberated. The record states the following comments by Board members:

> BOARD MEMBER STEPHENSON . . . said she did not see that [LIT] had proven [its] case.
>
> CHAIR MURPHY . . . said she was not totally convinced by [LIT].
>
> VICE CHAIR RICH said the mandate was to determine whether the Building Official's interpretation was in error. . . . [T]he Board needed to focus on the Building Official's interpretation and if it was properly administered.

A vote was then taken, and Murphy voted against the motion that the building official had not properly applied section 1204.1. Rich voted for the motion. Stephenson was an alternate and did not vote.

The record of the Board hearing shows that Flower Mound's attorney instructed the Board to apply an incorrect burden of proof on LIT. He told the

9

Board that LIT "had the burden to establish that the interpretation was incorrect," and that "[t]he Board must decide if [LIT] has met the burden of proof." Flower Mound's Code of Ordinances places no such burden on the party applying for an appeal. It provides only that the Board shall hear and decide appeals, and in doing so, may "make such order, requirement, decision[,] or determination, in the board's opinion, as ought to be made." Flower Mound, Tex., Code of Ordinances §§ 78-83(1), 78-84(a). It is evident from the Board members' comments that at least some of the Board members applied the incorrect standard to LIT. At least one voting member voted against the motion because "she was not totally convinced by [LIT]." The application of the burden of proof on LIT was contrary to the Board's guiding principles, as set forth in the code of ordinances. The Board therefore abused its discretion. Because we sustain LIT's first issue as to the Board, we do not need to address LIT's second or fifth issues. *See* Tex. R. App. P. 47.1.

## II. Proper parties

In LIT's third issue, it argues that summary judgment was improper as to Flower Mound, the building official, and the individual Board members on the grounds that they are not proper parties to the appeal. As previously stated, the only question that may be raised by a petition for writ of certiorari to the district court in an appeal of a board's order is the legality of the order. Tex. Loc. Gov't Code Ann. § 211.011(a); *Pick-N-Pull*, 45 S.W.3d at 340. The appellees argued in their motion for summary judgment that LIT's petition did not allege that any

actions by Flower Mound, the building official, or the individual Board members were abuses of discretion; it only complained of the Board's decision. They also noted that LIT's prayer did not request relief from any party but the Board in the form of a reversal of its decision.

LIT argued in its response to the appellees' motion for summary judgment that Flower Mound, the building official, and the individual Board members should not be dismissed because "[m]any such proceedings in Texas have included municipalities as parties" and because the appellees "cite[d] no authority holding that an individual sued in his official capacity should be dismissed when the governmental entity he serves remains a party." LIT makes an identical argument on appeal.

## A. The building official

LIT makes no argument addressing the appellees' contention that the building official is not a proper party. LIT made no allegations against the building official, nor did it seek any relief from the building official. Summary judgment was therefore proper as to the building official.

## B. The Town of Flower Mound

In support of its argument, LIT points to similar cases in which the city was included as a party. *See Nu-Way Emulsions, Inc. v. City of Dalworthington Gardens*, 610 S.W.2d 562 (Tex. Civ. App.—Fort Worth 1980), *writ ref'd n.r.e.*, 617 S.W.2d 188 (Tex. 1981); *City of San Angelo v. Boehme Bakery*, 144 Tex. 281, 190 S.W.2d 67 (Tex. 1945). In those cases, either there was a claim

11

directly against the city, *see Nu-Way Emulsions*, 610 S.W.2d at 563 (addressing appellant's claim seeking a declaration that the city's ordinance was unconstitutional), or the city was sued instead of the board, *see Boehme Bakery*, 190 S.W.2d at 283. LIT pointed us to no case, nor have we found one, in which the applicant sought and was granted relief against both the city and the board. In *Pick-N-Pull*, the appellant had filed its petition against both the board and the city, but the court of appeals noted that Pick-N-Pull had not sought separate relief against the city. 45 S.W.3d at 339 n.1. The court of appeals noted that because the only relief the trial court could have granted was reversal or modification of the board's decision, the grant of the board's motion for summary judgment "dispose[d] of all parties and issues in this appeal." *Id.* Here, LIT sought no separate relief from Flower Mound. Flower Mound had no authority to review the Board's decisions. *See* Flower Mound, Tex., Code of Ordinances § 78-84(e) (providing the process for appealing a board's determination to the court). Summary judgment was therefore proper as to Flower Mound.

## C. The individual Board members

LIT notes that the appellees cited no authority for their argument that the Board members should be dismissed. LIT, however, cites no authority that the Board members should *not* be dismissed. The only case LIT mentions did not involve an appeal from a board's decision, and is therefore inapposite here. *See Lindig v. City of Johnson City*, No. 03-08-00574-CV, 2009 WL 3400982, at *1 (Tex. App.—Austin Oct. 21, 2009, no pet.) (mem. op.). In *Lindig*, Johnson City,

12

the city's building official, and the individual members of the Board of Adjustment were parties. *Lindig*, however, was a suit instigated by the city for a temporary injunction after the Lindigs refused to pay a building permit fee, and the Lindigs made various counterclaims against the other parties. *Id.*

LIT filed its petition against the Board members solely in their capacity as Board members. "It is fundamental that a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent.'" *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985)). A suit against an official in his official capacity "actually seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name, . . . a suit against the entity.'" *Id.* (quoting *Kentucky,* 473 U.S. at 165, 105 S. Ct. at 3105). LIT makes no complaint of any acts of any individual Board members and seeks no relief other than relief from the Board's decision. LIT filed its petition against the Board, and the Board remains a party to this case. The individual Board members are therefore not necessary or proper parties to this suit. Summary judgment was therefore proper as to the individual Board members. We overrule LIT's third issue.

### III. Gross negligence, bad faith, or malice

In LIT's fourth issue, it argues that it should be awarded costs of this action. Under section 211.011 of the local government code, costs may be assessed against the Board if "the court determines that the board acted with gross negligence, in bad faith, or with malice in making its decision." Tex. Loc. Gov't Code § 211.011(f) (West 2009).

LIT made no allegation in its petition that the Board acted with gross negligence, in bad faith, or with malice. In its response to the appellees' motion for summary judgment and on appeal, it claimed that that Board "considered, discussed[,] and applied considerations which are obviously irrelevant and prejudicial." It referred specifically to a slide in a PowerPoint presentation made to the Board in which the building official stated, "I believe the cost of [the heating equipment] is one of the real driving forces in the opposition of heating the space," and the building official's testimony that "he had been originally told that the workers in the factory considered themselves lucky to have a job."

LIT appears to argue that the Board acted with gross negligence, in bad faith, or with malice by simply having heard the statements by the building official. We are not persuaded that by doing so, the Board "proceed[ed] with conscious indifference to the rights, safety, or welfare of others," or that it had the "specific intent . . . to cause substantial injury" to LIT. Tex. Civ. Prac. & Rem. Code Ann. § 41.001(7), (11) (West 2008) (defining malice and gross negligence).

14

Neither are we convinced that by applying the wrong standard of review, the Board acted with gross negligence, in bad faith, or with malice. The record shows that the Board diligently sought to fulfill its duties and requested clarification of the proper standard of review. That it was given the wrong standard to apply by the town's attorney cannot be attributed to some dereliction of the Board's duty or malicious intent on behalf of the Board. We overrule LIT's fourth issue.

## Conclusion

Having overruled LIT's third and fourth issues, we affirm the trial court's summary judgment as to Flower Mound, the building official, and the individual Board members and as to LIT's request that it be awarded costs of the action. Having sustained LIT's first issue in regards to the Board, we reverse that part of the trial court's judgment granting summary judgment as to the Board. We remand to the Board for further proceedings consistent with this opinion. *See Pearce v. City of Round Rock*, 78 S.W.3d 642, 651 (Tex. App.—Austin 2002, pet. denied) (remanding to the board for further proceedings consistent with the proper applicable definitions as held by the court of appeals); *J.B. Adver., Inc. v. Sign Bd. of Appeals of City of Carrollton*, 883 S.W.2d 443, 449 (Tex. App.— Eastland 1994, writ denied) (remanding because board refused to allow appellants the right to cross-examine witnesses at the board hearing).

15

                                           LEE GABRIEL
                                           JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  January 31, 2013