COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-184-CV

 

 

WILLIAM TRANTHAM                                                          APPELLANT

 

                                                   V.

 

BRUCE ISAACKS                                                                    APPELLEE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

William Trantham brings two
issues in his appeal of sanctions imposed by the trial court=s order of May 26, 2006.  We
affirm.

BACKGROUND 








In February 2006, Appellant
sought a declaratory judgment regarding statements he had made in a newspaper
article about Appellee, the Denton County Criminal District Attorney.[1]  Specifically, Appellant sought determinations
of (1) his potential tort liability for defamation and (2) Appellee=s guilt in connection with an alleged violation of penal code section
36.02.[2]
Appellant non‑suited in April, one day before the hearing on Appellee=s jurisdictional plea.  Appellee
filed a motion for sanctions under chapter 10 of the civil practice and
remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 10.001 (Vernon 2002).[3]








During the motion hearing,
Appellant made a hearsay objection to James Robert Krause=s affidavit on attorney=s fees incurred by Appellee, totaling $18,159.07, because Krause was
present and could have testified.  The
trial court admitted the affidavit. 
Appellee made an objection to the deposition of Appellant=s former client, Paul Jaworski, which was taken in a federal
case.  The trial court excluded this
deposition.  The trial court ordered
Appellant to pay Appellee $7,769.07 in sanctions.

SANCTIONS








We review a trial court=s award of sanctions for an abuse of discretion.  See Koslow=s v. Mackie, 796 S.W.2d 700, 704 (Tex.
1990); Univ. of Tex. at Arlington v. Bishop, 997 S.W.2d 350, 357 (Tex.
App.CFort Worth 1999, pet. denied). 
To determine whether a trial court abused its discretion, we must decide
whether the trial court acted without reference to any guiding rules or
principles; in other words, we must decide whether the act was arbitrary or
unreasonable.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986).  Merely because a
trial court may decide a matter within its discretion in a different manner
than an appellate court would in a similar circumstance does not demonstrate
that an abuse of discretion has occurred. 
Id.  In appropriate cases,
legal sufficiency is a relevant factor in assessing whether the trial court
abused its discretion.  Beaumont Bank
v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Tex. Dep=t of Health v. Buckner, 950 S.W.2d
216, 218 (Tex. App.CFort Worth
1997, no writ).

Sufficiency Of The Evidence

Appellant challenges the
sufficiency of the evidence to support the award of sanctions, claiming that
there are no findings in the trial court=s order regarding section 10.001(3) and that there was no evidence of
sanctionable conduct.








A legal sufficiency challenge
may only be sustained when:  (1) the
record discloses a complete absence of evidence of a vital fact; (2) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (3) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (4) the evidence establishes
conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, ANo Evidence@ and AInsufficient
Evidence@ Points of
Error, 38 Tex.
L. Rev. 361, 362‑63 (1960). 
In determining whether there is legally sufficient evidence to support
the finding under review, we must consider evidence favorable to the finding if
a reasonable factfinder could, and disregard evidence contrary to the finding
unless a reasonable factfinder could not. 
City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  Anything more than a scintilla of evidence is
legally sufficient to support the finding. 
Cont=l Coffee
Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex.
1996); Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if
the evidence furnishes some reasonable basis for differing conclusions by
reasonable minds about the existence of a vital fact.  Rocor Int=l, Inc. v. Nat=l Union Fire Ins. Co., 77 S.W.3d
253, 262 (Tex. 2002).

Claims Under The Declaratory Judgments
Act 








Appellant sought a
declaratory judgment.  The Declaratory
Judgments Act (DJA) is a remedial statute designed Ato settle and to afford relief from uncertainty and insecurity with
respect to rights, status, and other legal relations.@  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.002(b).  However, a
potential defendant may not use a declaratory judgment action to determine
potential tort liability, because the DJA was not intended to deprive a
potential tort plaintiff of the right to decide whether, when, and where to
sue.  See Abor v. Black, 695
S.W.2d 564, 566‑67 (Tex. 1985); Averitt v. PriceWaterhouseCoopers
L.L.P., 89 S.W.3d 330, 333‑34 (Tex. App.CFort Worth 2002, no pet.).  Nor
can a civil court issue a declaratory judgment to Arender naked declarations of rights, status or other legal
relationships arising under a penal statute.@  See State v. Morales,
869 S.W.2d 941, 947 (Tex. 1994); see also Briar Voluntary Fire Dept. v.
Anderson, No. 02‑04‑00258‑CV, 2005 WL 1475409, at *2
(Tex. App.CFort Worth
June 23, 2005, no pet.) (mem. op.) (stating that penal statutes should be
construed by courts exercising criminal jurisdiction).








To determine if a pleading
was groundless, that is, filed for an improper purpose, the trial court must
objectively ask whether the party and counsel made a reasonable inquiry into
the legal and factual basis of the claim at the time the suit was filed.  See Loeffler v. Lytle Indep. Sch. Dist.,
No. 04‑04‑00443‑CV, 2006 WL 1683790, at *14 (Tex. App.CSan Antonio June 21, 2006, pet. denied).  The trial court found that Appellant=s suit was filed for the improper purpose of harassing Appellee, that
Appellant=s Aclaims and assertions . . . were not warranted by existing law or by
non‑frivolous arguments for the extension, modification, or reversal of
existing law or the establishment of new law,@ and that a reasonable sanction was necessary to deter repetition of
that conduct.  See Tex. Civ. Prac. & Rem. Code Ann. '' 10.001(1), (2); 10.004(b).

Among the twelve bases listed
by the trial court for its finding of improper purpose were the newspaper
article that Acontained
numerous vicious political and personal attacks by [Appellant] on [Appellee],@ Appellant=s own
testimony that the continuing political controversy was both the article=s genesis and the reason for filing the original declaratory action,
and that the amended declaratory action Aserved only to republish the political and personal attacks contained
in the [a]rticle@ and was Aan exercise in political gamesmanship improperly invoking judicial
involvement as a mechanism in an on‑going political controversy.@  See id. ' 10.001(1).  The trial court
also found that Appellant=s amended
declaratory action sought a determination that Ahis political and personal attacks upon [Appellee] >. . . [were] factual and not libelous . . .=.@








Based on a comprehensive
review of the record, there is legally sufficient evidence to support the trial
court=s findings pertaining to improper purpose. See City of Keller,
168 S.W.3d at 827; Uniroyal, 977 S.W.2d at 334.  In the article Appellant attached to his
amended pleading, he is quoted as saying, AUnder [Appellee], our narcotics task force has been more interested in
burglarizing houses to keep their operation going than they are in keeping
drugs off the streets,@ and that AUnder [Appellee], law enforcement has almost come to a standstill in
Denton County.@  Appellant testified that after receiving
Appellee=s cease‑and‑desist letter, he attached a copy of the
article to his amended pleading.  In his
amended pleading, Appellant reiterated many of the same allegations that he made
in the article.

The bases for the trial court=s decision that Appellant=s claims were not warranted by existing law or by non‑frivolous
arguments for the extension, modification, or reversal of existing law or the
establishment of new law were that:

$  There existed no justiciable controversy
between [Appellant] and [Appellee] arising from the matters asserted by
[Appellee] in his amended declaratory judgment action;

 

$  [Appellant] did not allege grounds supporting
the assertion of a cause of action against [Appellee] in his amended
declaratory judgment action; and

 

$ [Appellant]=s amended declaratory judgment action was completely without merit,
spurious and brought in bad faith.

See Tex. Civ. Prac. & Rem. Code Ann. ' 10.001(2).








The trial court did not err
by determining that Appellant violated section 10.001(1) by filing a pleading
for an improper purpose, because declaratory judgment was an improper vehicle
for determining Appellee=s potential
tort and criminal liability.  See
Morales, 869 S.W.2d at 947; Averitt, 89 S.W.3d at 333‑334.  Applying the same reasoning, the trial court
did not err in concluding that there was no basis under existing law for
Appellant=s claims and
that Appellant also violated section 10.001(2). 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 10.001(2).








Section 10.004 states that a Acourt that determines that a person has signed a pleading . . . in
violation of Section 10.001 may impose a sanction on the person, a party
represented by the person, or both,@ limited to what is sufficient to deter repetition of the
conduct.  Id. ' 10.004(a), (b).  That sanction
may include an order Ato pay to
the other party the amount of the reasonable expenses incurred by the other
party because of the filing of the pleading or motion, including reasonable
attorney=s fees.@  Id. ' 10.004(c)(3); Bishop, 997 S.W.2d at 356 (holding that
sanctions were appropriate on other grounds even though university, as a
represented party, could not be sanctioned under 10.001(2) for advancing
frivolous legal arguments).  Upon determining
that section 10.001 had been violated, the trial court had the discretion to
impose sanctions.  Tex. Civ. Prac. & Rem. Code ' 10.004(a).  Because the trial
court did not abuse its discretion by imposing sanctions on Appellant under
either section 10.001(1) or (2), we need not address Appellant=s no evidence contention under section 10.001(3).  See Tex.
R. App. P. 47.1.

Evidence Objections

Appellant asserts that the
only evidence of attorney=s fees
offered by Appellee was Krause=s affidavit, that the affidavit was improperly admitted  hearsay because Krause was present and able
to testify, and that its admission caused the rendition of an improper judgment
of sanctions because without it, the evidence would not support an award of
attorney=s fees to Appellee.  Appellant
also complains that Jaworski=s deposition was improperly excluded on Appellee=s hearsay objection.

A trial court=s rulings in admitting or excluding evidence are reviewable under an
abuse of discretion standard.  Nat=l Liab. & Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex. 2000).  Properly
authenticated records of regularly conducted business activity can be admitted
into evidence as an exception to the hearsay rule.  Tex.
R. Evid. 803(6).  The foundation
for admission of a business record may be established by testimony or by
affidavit.  Tex. R. Evid. 902(10). 
For purposes of rule 803, the availability of the declarant is
immaterial.  Tex. R. Evid. 803. 
Therefore, Krause=s presence
or absence at the hearing was irrelevant. 
Id.  We overrule this
portion of Appellant=s first
issue.








Appellant sought admission of
the Jaworski deposition, which was taken in an employment lawsuit filed by
Appellant in federal court.  Appellee
objected, stating that because Appellant had the opportunity to subpoena
Jaworski to testify but did not, Appellant should not have the opportunity to
use a deposition taken in another matter in which Appellee was not
present.  The trial court excluded the
deposition.

Under rule 801(e), a
statement is not hearsay if it is a deposition taken in the same civil
proceeding.  Tex. R. Evid. 801(e). 
This was not the same proceeding; therefore, the trial court did not
abuse its discretion in the exclusion of this evidence on this ground.  See id.








Appellant now argues that he
offered this deposition testimony as evidence of Appellant=s state of mind and to refute claims of lack of due diligence.  At the hearing, Appellant=s attorney asked him, AAs a result of those 
conversations [with Jaworski], did you form an opinion as to whether or
notCfor lack of a better termCbribery actually took place?@  Though Appellant=s opinion at the time would be within the exception to the hearsay
rule provided by rule 803(3), the deposition=s contents were inadmissible hearsay because the statements contained
within it pertain to Jaworski=s statements and state of mind rather than to Appellant=s.  See Tex. R. Evid. 801, 803(3).  Therefore, the trial court did not abuse its
discretion by excluding this evidence. 
We overrule Appellant=s first issue.

Declaratory Judgments Act

In his second issue,
Appellant argues that the trial court erred by sanctioning him because a good
faith basis for the pursuit of protection for core political speech should
be allowed under the DJA.  As discussed
above, there was no basis in law for Appellant=s particular claims under the DJA.  See Morales, 869 S.W.2d at 947; Averitt,
89 S.W.3d at 333‑34.  Because the
DJA is inappropriate for a determination of potential tort liability, Smith
v. Holley, which Appellant cites for his Arequest for comments@ and consent defenses, does not apply because Appellant has not yet
been sued for defamation.[4]  827 S.W.2d 433 (Tex. App.CSan Antonio 1992, writ denied); see Averitt, 89 S.W.3d at
333-34.  We hold that the trial court did
not err by sanctioning Appellant, and we overrule Appellant=s second issue.

 








CONCLUSION

Having overruled both of
Appellant=s issues, we
affirm the trial court=s order
imposing sanctions.

DIXON W. HOLMAN

JUSTICE

 

PANEL B: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: 
January 25, 2007

 











[1]Appellant also made statements
about Appellee=s wife, a sitting judge in Denton
County, who is not a party to this appeal. 
Appellee sent Appellant a cease-and-desist letter, which, according to
Appellant, prompted his declaratory judgment action.





[2]Appellant also sought declaratory
judgment that his comments were Atrue when uttered@ and were Aresponsive to publicly posed questions@ in Appellee=s advertising.





[3]Sanctions can be ordered for a
violation of section 10.001.  Tex. Civ. Prac. & Rem. Code Ann. ' 10.002(a) (Vernon 2002).  Under section 10.001, signing a pleading

 

constitutes a certificate by the
signatory that to the signatory=s best knowledge, information, and belief, formed after
reasonable inquiry:

 

(1) the pleading or motion is not
being presented for any improper purpose, including to harass or to cause
unnecessary delay or needless increase in the cost of litigation;

 

(2) each claim, defense, or other
legal contention in the pleading or motion is warranted by existing law or by a
nonfrivolous argument for the extension, modification, or reversal of existing
law or the establishment of new law;

(3) each allegation or other
factual contention in the pleading or motion has evidentiary support or, for a
specifically identified allegation or factual contention, is likely to have
evidentiary support after a reasonable opportunity for further investigation or
discovery;  and

 

(4) each denial in the pleading or
motion of a factual contention is warranted on the evidence or, for a
specifically identified denial, is reasonably based on a lack of information or
belief. 

 

Id. ' 10.001.  Appellee based his sanctions claim on section
10.001(1) and (3), but also asserted that Appellee=s suit was frivolous Abecause the relief it seeks has no
support in the law@ and that Appellant was subject to
sanctions Afor filing said pleading without
legal . . . support,@ an allegation that falls under
section 10.001(2).  Id.





[4]The remaining cases cited by
Appellant to support his political speech claims, McIntyre v. Ohio Elections
Comm=n, 514 U.S. 334, 115 S. Ct. 1511 (1995), and Doe
v. State,112 S.W.3d 532 (Tex. Crim. App. 2003), involve state action
burdening free speech, an issue not implicated here.  See McIntyre, 514 U.S. at 347, 115 S.
Ct. at 1519 (addressing law burdening core political speech); Doe, 112
S.W.3d at 534 (holding section 255.001 of Texas Election Code facially
unconstitutional).