In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00120-CV


______________________________



 


IN THE MATTER OF J.D.S.





 


On Appeal from the County Court at Law


Harrison County, Texas


Trial Court No. 3570




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 On April 11, 2005, J.D.S. (who was then fourteen years of age) was found to have engaged
in delinquent conduct for having made a terroristic threat to his mother in violation of Section 22.07
of the Texas Penal Code and was adjudicated to be a child in need of supervision. See Tex. Penal
Code Ann. § 22.07 (Vernon Supp. 2006). At a subsequent disposition hearing held that same day,
J.D.S. was placed on probation through the Harrison County Juvenile Probation Office until his
eighteenth birthday. On November 15, 2006, there was a modification of the disposition entered and
J.D.S. was committed to the Texas Youth Commission (TYC) for an indeterminate period not to
exceed the time that the juvenile attained the age of twenty-one years. It is from the modification
of that disposition that J.D.S. brings this appeal, claiming legal and factual insufficiency. More
particularly, he complains that there is insufficient evidence to support a finding that it is in the
child's best interest to be placed outside the child's home.

Statutory Requirements

 Section 54.05(m)(1) of the Texas Family Code provides that if the court places the child on
probation outside the child's home or commits the child to the TYC, its order shall include a
determination that: 

 (A) it is in the child's best interests to be placed outside the child's home;

 

 (B) reasonable efforts were made to prevent or eliminate the need for the
child's removal from the child's home and to make it possible for the child to return
home; and


 (C) the child, in the child's home, cannot be provided the quality of care and
level of support and supervision that the child needs to meet the conditions of
probation. 

Tex. Fam. Code Ann. § 54.05(m)(1) (Vernon Supp. 2006).

Complained-Of Conduct

 The operative petition to modify J.D.S.'s disposition alleged that J.D.S. had violated the terms
of the probation upon which he had been placed by pinching the breast of R.R., a minor, an act
which would be a misdemeanor assault. See Tex. Penal Code Ann. § 22.01 (Vernon Supp. 2006).

Standard of Review

 The Texas Legislature provided different rules for different stages of a juvenile proceeding.
An adjudication hearing incorporates many of the features of a criminal trial, including the right to
a jury trial, the right to remain silent, and the right to exclude evidence inadmissible under the rules
governing criminal proceedings. See Tex. Fam. Code Ann. § 54.03(b) (Vernon Supp. 2006). By
contrast, at a disposition hearing after adjudication, a juvenile has a right to a jury only in cases of
possible transfer to the Texas Department of Criminal Justice, and written reports may be considered
even if the author does not testify. See Tex. Fam. Code Ann. § 54.04(a), (b) (Vernon Supp. 2006). 
At a hearing to modify disposition, there is no right to a jury trial. See Tex. Fam. Code Ann.
§ 54.05(c) (Vernon Supp. 2006).

 The decision to modify a juvenile's probation is in the sound discretion of the trial court and
can be reversed only on a finding that the trial court abused that discretion. In re J.P., 136 S.W.3d
629, 632 (Tex. 2004); In re M.A., 198 S.W.3d 388, 390-91 (Tex. App.--Texarkana 2006, no pet.). 
A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to
guiding rules or principles. M.A., 198 S.W.3d at 391. Saying that, we observe that a trial court does
not abuse its discretion if some evidence supports the trial court's decision. In re J.L.C.,
No. 02-06-00252-CV, 2007 Tex. App. LEXIS 3063, at *9 (Tex. App.--Fort Worth Apr. 19, 2007,
no pet.); see Furr's Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 379 (Tex. 2001); see also Estrello
v. Elboar, 965 S.W.2d 754, 758 (Tex. App.--Fort Worth 1998, no pet.); Holley v. Holley, 864
S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.] 1993, writ denied). In other words, whether there
is factually sufficient evidence to support the trial court's findings is a relevant consideration in
determining if the trial court abused its discretion. In re C.J.H., 79 S.W.3d 698, 702 (Tex.
App.--Fort Worth 2002, no pet.); see Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Tex. Dep't of Health v. Buckner, 950 S.W.2d 216, 218 (Tex. App.--Fort Worth 1997, no
writ).

Evidence Upon Which Modification Rested

 The trial court took judicial notice of its own file, and, therefore, had the benefit of reviewing
previous determinations regarding J.D.S. and his history, including his adjudications. Beginning in
May 2004 until the date of the hearing, J.D.S. was the subject of repeated hearings and orders. At
his original adjudication hearing, (1) J.D.S. was found to have engaged in delinquent conduct on
May 28, 2004, by stealing more than $50.00, but less than $500.00, from his mother, a class B
misdemeanor, and, at the disposition hearing which followed, (2) was placed on probation. See Tex.
Penal Code Ann. § 31.03(a), (e)(2) (Vernon Supp. 2006). Thereafter, a petition to modify the
disposition was filed, he was determined to have once again engaged in delinquent conduct on
February 10, 2005, by issuing a terroristic threat by threatening arson, a class A misdemeanor. On
this occasion, he was once again placed on probation. Between the initial contact of J.D.S. with the
court and the final hearing on November 15, 2006, J.D.S. had been taken into custody by juvenile
authorities and held at the Harrison County Juvenile Justice Center on eight different occasions, most
of the incidents precipitating these temporary incarcerations involving his failure to comply with
school disciplinary rules. After one of these periods of detention, by a release order issued August 4,
2005, he was released to the custody of his paternal grandmother (rather than the custody of a
parent), with whom he then resided until the final modification of the disposition. 

 At the final modification hearing, R.R. testified that J.D.S. had pinched her on the breast,
leaving a bruise, to which she responded by slapping J.D.S. in the face. A photograph of a bruise
on R.R.'s breast was introduced, which R.R. testified accurately portrayed the result of her having
been pinched at that spot by J.D.S. R.R. further testified that J.D.S. had retaliated to her slap by
striking her on the jaw, pulling her hair, and hitting her on the head. J.D.S. denied that this incident
occurred as related by R.R.; he denied that he had pinched her breast; he maintained rather that
"[S]he kept on playing in my face and I pushed her over like that and told her to quit playing in my
face." J.D.S.'s grandmother testified that although J.D.S. seemed to react very unfavorably on the
occasion that someone would be "playing in his face," his overall conduct had improved since he had
moved from his mother's home and into hers. The balance of the testimony at trial rested upon those
who were not present at the time of the incident, such as reports concerning J.D.S.'s conduct at
school and at the Harrison County Juvenile Justice Center.

 Prior to announcing its ruling, the trial court recited at length J.D.S.'s history with the juvenile
court, commenting that it had hoped that J.D.S.'s removal from his mother's house to his
grandmother's house might result in improved behavior, a result which it believed had borne no good
fruit. The court recounted periods of intensive supervision and repeated violations of the rules while
J.D.S. was in the custody of juvenile officials. The trial court stated that all reasonable efforts had
been expended in attempts to avoid placement with the TYC, but those efforts had failed.

 Here, the trial court was faced with testimony from R.R. that J.D.S. had pinched her breast.
Diametrically opposed to that, J.D.S. denied that it occurred. The trial court chose to believe R.R.
that J.D.S. had committed a misdemeanor. The evidence of the prior adjudications and the
unsuccessful efforts taken by the trial court to keep J.D.S. in his home and thus avoid committing
J.D.S. to the TYC had been the subject of judicial notice. We cannot agree with J.D.S.'s assertion
that the trial court abused its discretion by modifying its disposition because there was ample
evidence that it was in the child's best interest to be placed outside the home. 

 We affirm the judgment. 




 Bailey C. Moseley

 Justice


Date Submitted: July 13, 2007

Date Decided: August 1, 2007


1. See Tex. Fam. Code Ann. § 54.03 (Vernon Supp. 2006).
2. See Tex. Fam. Code Ann. § 54.04 (Vernon Supp. 2006).