NU–WAY EMULSIONS, INC., Appellant,

v.

The CITY OF DALWORTHINGTON GARDENS, Appellee.

No. 18348.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 31, 1980.

Rehearing Denied Jan. 29, 1981.

OPINION

MASSEY, Chief Justice.

Nu-Way Emulsions, Inc. operates an asphalt emulsion facility within the City of Dalworthington Gardens. In January 1979 Nu-Way sought permission from Dalworthington Gardens to construct a new above ground 1000 barrel capacity asphalt storage tank to replace its two 400 barrel underground tanks which had developed leaks. The tank was to be located in a zoning district restricted generally to residential use. Nu-Way operates the facility there as a lawful nonconforming use.

The city building official charged with the enforcement of the zoning ordinance declined to authorize the new tank. Subsequently, at Nu-Way's behest, the matter was appealed to the Zoning Board of Adjustment. Nu-Way requested "an exception from the zoning restrictions to construct a new asphalt tank at Nu-Way's asphalt plant in order to increase storage facilities." (Nu-Way has since vigorously contended that its request was in the nature of a repair rather than for an increase in capacity.) The Board denied Nu-Way's request. It concluded that to grant the request it "would constitute an extension of non-conforming use." In accordance with the provisions of Tex.Rev.Civ.Stat.Ann. Title 28, "Cities, Towns and Villages", art. 1011a, "Grant of power for zoning" (1963), Nu-Way filed its original petition in appeal of the denial in the District Court. Furthermore Nu-Way sought a judgment declaring section 7–102 of Dalworthington Gardens' zoning ordinance unconstitutional.

At trial both parties moved for summary judgment. The District Court granted Dalworthington Gardens' motion and overruled that of Nu-Way. Nu-Way has appealed the granting of Dalworthington Gardens' motion and, as permitted by the rule of *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958), also appealed the denial of its own motion.

We affirm the judgment.

Hill, Heard & Oneal, and Frank M. Gilstrap, Arlington, for appellant.

Stanley E. Wilkes, Jr., Arlington, for appellee.

We initially direct our attention to the contention of Nu-Way that the zoning ordinance of Dalworthington Gardens in material aspects is unconstitutional on its face, is unconstitutionally vague and indefinite, and, in any event, is unconstitutional as applied to Nu-Way in this instance.

That by reason of which Nu-Way raises these contentions lies in the part of the ordinance from which we copy below, in particular the use of the term "repaired", to-wit:

"Nonconforming Uses Regulated: Except as herein provided, no nonconforming use *of land or buildings nor any nonconforming* structure shall be enlarged, changed, altered or *repaired* except in conformity with the regulations contained in this article." (Emphasis supplied.)

Obviously, but for the use of the term "repaired" Nu-Way would have no complaint. Its application for variance was not for repair, though by the time the case was tried before the Board it sought to have the nonconforming variance it sought so termed rather than as "to construct a new asphalt tank at Nu-Way's asphalt plant in order to increase storage facilities." To be deemed found or assumed as a fact was that it was not "repairs" that Nu-Way desired but enlargement at the minimum and change in the form or structure as a maximum, but in any event not merely "repairs" to an existent structure. It was the burden of Nu-Way to prove that it was merely "repairs" for which it made application and this burden was not discharged; indeed the fact was contradicted. We hold that by the state of the evidence, both as before the Board and the trial court, it was for enlargement and alteration—and not repairs—that the Nu-Way variance was sought.

As a result, we are not burdened by any obligation to pass on the constitutionality of the zoning ordinance "on its face" in the respect material once we have excluded its provision relative to repairs. With this done, and even upon proceeding upon the assumption that the ordinance provision upon repairs is unconstitutional,

we do not find anything unconstitutional to the benefit of Nu-Way. 12 Tex.Jur.2d, Constitutional Law § 47 (1960), "Where a statute unconstitutional in part." A legislative enactment may be unconstitutional and invalid as to some of its provisions, *and valid as to others.* The test is not whether they are *contained in the same section, for* the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance. With that test applied (with provision relative to repairs deleted) we readily hold the provisions of the ordinance to be constitutional.

We proceed to the contention that the ordinance, as narrowed pursuant to the preceding paragraph, is unconstitutional in its application. A zoning ordinance, such as this, is enacted pursuant to a valid exercise of the police power of a city. Since it is an exercise of the legislative power of the city's council, the ordinance must be presumed to be valid. *City of Waxahachie v. Watkins,* 154 Tex. 206, 275 S.W.2d 477, 480 (1955). Absent a showing that the ordinance is arbitrary and unreasonable, this court may not substitute its discretion for that of the city governing body. For Nu-Way to prevail it must be found to have demonstrated that "no conclusive, or even controversial or issuable, facts or conditions existed which would authorize the governing board of the municipality (city council) to exercise the discretion confided to it' ", as was written on the matter of unconstitutionality in its application upon a somewhat similar ordinance in *City of Dallas v. Lively,* 161 S.W.2d 895, 898 (Tex.Civ.App.—Dallas, 1942 writ ref'd.) quoting from *King v. Guerra,* 1 S.W.2d 373 (Tex.Civ.App.—San Antonio, 1927, writ ref'd.)

Nu-Way has not carried its "extraordinary burden" to establish unconstitutionality of the ordinance in its application to the particular circumstances with which we are concerned. (In connection see also that hereafter written on matters relating to the Nu-Way remaining points of error.)

To be remembered is that at all times the burden of proof was upon Nu-Way and

incumbent upon it was the burden to obtain the ruling and decision by the Board it desired. That was "such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." Quotation is from Art. 1011g, (g), "The Board of Adjustment shall have the following powers:", in its subd. 3, (relative to authorized action on appeal made to such board).

From the summary judgment record it is clear that Nu-Way did not discharge its burden before the Board; indeed there was no sworn evidence of any kind offered or received. Between the time of the hearing before the Board and time of summary judgment Nu-Way had the deposition taken of Robert Joseph von Bose, Chairman of the Board of Adjustments for Dalworthington Gardens. It was on file at time of the summary judgment proceeding before the trial court. There is nothing in it beneficial to Nu-Way in the test of propriety of the summary judgment apart from the action of Nu-Way for declaratory relief on the constitutional question. We may view and consider this deposition only if there be need to do so in order to find support for the ruling and decision of the Board in showing that evidence was existent in support for such ruling and decision (should a deficiency be found existent by the record of evidence before such Board.) We do not consider it. As indicated, there was not such a deficiency. There could not have been for the ruling and decision was against the petition for variance.

Of interest is the fact that Nu-Way never introduced any legal material evidence before the Board in support of its petition. Hence there could not have been any error or abuse of discretion by the Board's failure to grant that for which Nu-Way petitioned. As we understand and hold the law to be relative to cases ruled by the Substantial Evidence Rule, applicable to administrative decisions such as that made by the Board of Adjustment in this case, neither the trial court or this court would be at liberty to overturn such board action.

All the points of error presented by Nu-Way have been severally examined. All of them are overruled.

Judgment is affirmed.