02-12-070-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00070-CV

 


 
 
 LIT
 HW 1, L.P.
  
 v.
  
 The
 Town of Flower Mound, Texas, The Board of Adjustment of the Town Of Flower
 Mound, Texas, Gavin Poston a/k/a Richard Gavin Poston, in His Capacity as a
 Member of the Board of Adjustment of the Town of Flower Mound, Texas, Tina
 Murphy, in Her Capacity as a Member of the Board of Adjustment of the Town Of
 Flower Mound, Texas, Alisa Rich, in Her Capacity as a Member of the Board Of
 Adjustment of the Town of Flower Mound, Texas, Carlos Cabre, in His Capacity
 as a Member of the Board of Adjustment of the Town of Flower Mound, Texas; Scott
 Baker, in His Capacity as a Member of the Board of Adjustment of the Town of
 Flower Mound, Texas; Laile Neal, in Her Capacity as a Member of the Board of
 Adjustment of the Town of Flower Mound, Kendra Stephenson, in Her Capacity as
 a Member of the Board of Adjustment of the Town of Flower Mound, Texas, and Danny
 Hartz, Building Official of the Town of Flower Mound, Texas
 
 
 §
  
  
  
  
  
  
  
  
  
 §
  
  
  
  
  
  
  
  
  
  
 §
  
  
  
  
  
  
  
  
  
 §
  
 
 
 From
 the 431st District Court
  
  
  
  
  
  
  
  
  
 of
 Denton County (2009-20305-158)
  
  
  
  
  
  
  
  
  
  
 January
 31, 2013
  
  
  
  
  
  
  
  
  
 Opinion
 by Justice Gabriel
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
error in part of the trial court’s judgment.  It is ordered that the judgment
of the trial court is affirmed in part and reversed in part.  We affirm that
portion of the trial court’s order granting summary judgment as to Flower
Mound, the building official, and the individual Board members, and LIT’s request
that it be awarded costs.  We reverse that portion of the trial court’s
judgment granting summary judgment as to the Board and remand this case to the
Board for further proceedings consistent with this opinion.

          It
is further ordered that the parties shall bear their own costs of this appeal,
for which let execution issue.

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

    Justice Lee Gabriel

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00070-CV


 
 
 LIT HW 1, L.P
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 THE
 TOWN OF FLOWER MOUND, TEXAS, THE BOARD OF ADJUSTMENT OF THE TOWN OF FLOWER
 MOUND, TEXAS, GAVIN POSTON A/K/A RICHARD GAVIN POSTON, IN HIS CAPACITY AS A MEMBER
 OF THE BOARD OF ADJUSTMENT OF THE TOWN OF FLOWER MOUND, TEXAS, TINA MURPHY,
 IN HER CAPACITY AS A MEMBER OF THE BOARD OF ADJUSTMENT OF THE TOWN OF FLOWER
 MOUND, TEXAS, ALISA RICH, IN HER CAPACITY AS A MEMBER OF THE BOARD OF
 ADJUSTMENT OF THE TOWN OF FLOWER MOUND, TEXAS, CARLOS CABRE, IN HIS CAPACITY
 AS A MEMBER OF THE BOARD OF ADJUSTMENT OF THE TOWN OF FLOWER MOUND, TEXAS; SCOTT
 BAKER, IN HIS CAPACITY AS A MEMBER OF THE BOARD OF ADJUSTMENT OF THE TOWN OF
 FLOWER MOUND, TEXAS; LAILE NEAL, IN HER CAPACITY AS A MEMBER OF THE BOARD OF
 ADJUSTMENT OF THE TOWN OF FLOWER MOUND, KENDRA STEPHENSON, IN HER CAPACITY AS
 A MEMBER OF THE BOARD OF ADJUSTMENT OF THE TOWN OF FLOWER MOUND, TEXAS, AND
 DANNY HARTZ, BUILDING OFFICIAL OF THE TOWN OF FLOWER MOUND, TEXAS
 
 
  
 
 
 APPELLEES
 
 
 


 

----------

FROM THE 431st
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
LIT HW 1, L.P. appeals the trial court’s order granting summary judgment in
favor of the appellees, the Town of Flower Mound, Texas; the Board of Adjustment
of the Town of Flower Mound, Texas; Danny Hartz, Building Official of the Town
of Flower Mound, Texas; and Gavin Poston a/k/a Richard Gavin Poston, Tina
Murphy, Alisa Rich, Carlos Cabre, Scott Baker, Laile Neal, and Kendra Stephenson,
in their capacities as members of the Board of Adjustment of the Town of Flower
Mound, Texas.  We reverse in part and affirm in part.

Background
Facts

          LIT
owns a warehouse in Flower Mound, which it leased to Electronic Recyclers
International (ERI). ERI is an electronic waste recycler; it receives
electronics, six employees disassemble and sort the components, and the pieces
are then hauled away to a crushing facility.  In June 2009, ERI filed an
application with Flower Mound for a certificate of occupancy for LIT’s
building.

          Flower
Mound has adopted the 2006 edition of the International Building Code.  Section
1204.1 of the code requires “[i]nterior spaces intended for human occupancy” to
be provided with heating systems unless the primary purpose of the space “is
not associated with human comfort.”  International Building Code (2006) § 1204.1. 
Flower Mound’s building official interpreted section 1204.1 to mean that the
portion of LIT’s warehouse where the employees worked must be heated.  Because LIT
did not have a heating system installed, the building official denied the certificate
of occupancy.

          LIT
appealed the building official’s decision to the Board of Adjustment, arguing
that the building official incorrectly interpreted the building code.  The
Board voted three to two to deny the appeal.  LIT then filed a petition for certiorari
in the trial court.[2]  LIT’s petition alleged
that the Board’s decision was a clear abuse of discretion because (1) a letter
from the International Code Council (ICC) stated that section 1204 “is not
intended to apply to spaces where manufacturing and assembling work is
performed” and (2) the code does not require mixed-use industrial buildings to
be equipped with heating systems that satisfy section 1204.1.  The writ issued,
and the appellees filed a return.

          The
appellees then filed a motion for summary judgment.  They noted that the
district court sits only as a court of review and the only question before the
court was the legality of the Board’s decision.  It argued that because there
was no clear abuse of discretion, the district court must uphold the Board’s
decision.

          LIT
responded, claiming that a statement made by Flower Mound’s attorney at the
hearing before the Board instructed the Board to use an incorrect standard of
review.  LIT implied that another statement by the attorney that was
“irrelevant, inflammatory apparent hearsay” prejudiced Board member Neal and
swayed his vote.  LIT also argued that an affidavit from its expert witness
Carroll Lee Pruitt established that the building official’s interpretation of
section 1204.1 was without reference to guiding rules or principles and was
arbitrary and unreasonable.

          After
a hearing, the trial court granted the appellees’ motion for summary judgment
and dismissed LIT’s claims against them.  LIT filed a motion for new trial,
arguing again that Flower Mound’s attorney’s statement at the hearing regarding
the standard of review meant that “the Board clearly failed to apply the
correct standard of the exercise of its authority.”  The trial court denied
LIT’s motion for new trial, and LIT filed this appeal.

Standard
of Review

          As
stated above, the only question that may be raised by a petition for writ of
certiorari to the district court in an appeal of a board’s order is the
legality of the order.  Tex. Loc. Gov’t Code Ann. § 211.011(a); Pick-N-Pull,
45 S.W.3d at 340.  To establish that an adjustment board’s order is illegal,
the contesting party must make a “very clear showing” that the board abused its
discretion.  SWZ, Inc. v. Bd. of Adjustment of City of Fort Worth, 985
S.W.2d 268, 270 (Tex. App.—Fort Worth 1999, pet. denied).  The issue of whether
the Board abused its discretion is a question of law that is appropriately
determined by summary judgment.  Pick-N-Pull, 45 S.W.3d at 340.  A legal
presumption exists in favor of the Board’s order, and the party attacking it
has the burden of establishing its illegality.  SWZ, Inc, 985 S.W.2d at 270;
Sw. Paper Stock, Inc. v. Zoning Bd. of Adjustment of City of Fort Worth,
980 S.W.2d 802, 805 (Tex. App.—Fort Worth 1998, pet. denied).

          The
test for abuse of discretion is whether a board acted “without reference to any
guiding rules or principles; in other words, whether the act was arbitrary or
unreasonable.”  Sw. Paper Stock, 980 S.W.2d at 805 (quoting Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990)).  The district court cannot
put itself in the board’s position or substitute its discretion for that of the
board.  Pick-N-Pull, 45 S.W.3d at 340.  An abuse of discretion does not
occur as long as some evidence of substantive and probative character exists to
support the board’s decision.  Sw. Paper Stock, 980 S.W.2d at 805–06.

Discussion

I.  The
Board’s abuse of discretion

In
its first issue, LIT argues that that the Board failed “to consider or apply
its proper standard of review.”[3]  Section 78-84 of Flower
Mound’s Code of Ordinances states,

In exercising its powers, the board of adjustment may, in
conformity with the provisions of the state statutes, as existing or hereafter
amended, reverse or affirm, wholly or partly, or may modify the order,
requirements, decision[,] or determination appealed from and make such order,
requirement, decision[,] or determination, in the board’s opinion, as ought to
be made and shall have all the powers of the officer from whom the appeal is
taken.

Flower
Mound, Tex., Code of Ordinances § 78-84(a).  LIT argues that this section
provides the standard of review for appeals to the Board; specifically, that
the Board should “make such order, requirement, decision[,] or determination,
in the board’s opinion, as ought to be made.”  Id.

At
the hearing before the Board, Flower Mound’s attorney stated that “the Board
must decide if the Building Official interpreted the code correctly or
incorrectly.  He said [LIT] had the burden to establish that the interpretation
was incorrect.”  LIT did not object to this statement but “accepted that [it]
had to make [its] case” and argued that the evidence it had provided had
“prove[n] [its] case.”  Vice Chair of the Board, Alisa Rich, asked Flower Mound’s
attorney what criteria the Board should use in making its decision.  The
attorney responded, “[T]he Board should make [its] determination in the same
type of standard that would apply in a court of law in respect to a civil
matter.  The Board must decide if [LIT] has met the burden of proof.”

          After
the conclusion of the evidence, the Board members deliberated.  The record
states the following comments by Board members:

BOARD MEMBER
STEPHENSON . . . said she did not see that [LIT] had proven [its] case.

 

CHAIR MURPHY . . .
said she was not totally convinced by [LIT].

 

VICE CHAIR RICH said the mandate was to determine whether
the Building Official’s interpretation was in error. . . .  [T]he Board needed
to focus on the Building Official’s interpretation and if it was properly
administered.

A
vote was then taken, and Murphy voted against the motion that the building official
had not properly applied section 1204.1.  Rich voted for the motion. 
Stephenson was an alternate and did not vote.

          The
record of the Board hearing shows that Flower Mound’s attorney instructed the
Board to apply an incorrect burden of proof on LIT.  He told the Board that LIT
“had the burden to establish that the interpretation was incorrect,” and that
“[t]he Board must decide if [LIT] has met the burden of proof.”  Flower Mound’s
Code of Ordinances places no such burden on the party applying for an appeal. 
It provides only that the Board shall hear and decide appeals, and in doing so,
may “make such order, requirement, decision[,] or determination, in the board’s
opinion, as ought to be made.”  Flower Mound, Tex., Code of Ordinances §§
78-83(1), 78-84(a).  It is evident from the Board members’ comments that at
least some of the Board members applied the incorrect standard to LIT.  At
least one voting member voted against the motion because “she was not totally
convinced by [LIT].”  The application of the burden of proof on LIT was
contrary to the Board’s guiding principles, as set forth in the code of
ordinances.  The Board therefore abused its discretion.  Because we sustain
LIT’s first issue as to the Board, we do not need to address LIT’s second or
fifth issues.  See Tex. R. App. P. 47.1.

II.  Proper
parties

          In
LIT’s third issue, it argues that summary judgment was improper as to Flower
Mound, the building official, and the individual Board members on the grounds
that they are not proper parties to the appeal.  As previously stated, the only
question that may be raised by a petition for writ of certiorari to the
district court in an appeal of a board’s order is the legality of the order. 
Tex. Loc. Gov’t Code Ann. § 211.011(a); Pick-N-Pull, 45 S.W.3d at 340.  The
appellees argued in their motion for summary judgment that LIT’s petition did
not allege that any actions by Flower Mound, the building official, or the
individual Board members were abuses of discretion; it only complained of the
Board’s decision.  They also noted that LIT’s prayer did not request relief
from any party but the Board in the form of a reversal of its decision.

          LIT
argued in its response to the appellees’ motion for summary judgment that
Flower Mound, the building official, and the individual Board members should
not be dismissed because “[m]any such proceedings in Texas have included
municipalities as parties” and because the appellees “cite[d] no authority
holding that an individual sued in his official capacity should be dismissed
when the governmental entity he serves remains a party.”  LIT makes an
identical argument on appeal.

A.  The
building official

          LIT
makes no argument addressing the appellees’ contention that the building
official is not a proper party.  LIT made no allegations against the building
official, nor did it seek any relief from the building official.  Summary
judgment was therefore proper as to the building official.

B.  The
Town of Flower Mound

          In
support of its argument, LIT points to similar cases in which the city was included
as a party.  See Nu-Way Emulsions, Inc. v. City of Dalworthington
Gardens, 610 S.W.2d 562 (Tex. Civ. App.—Fort Worth 1980), writ ref’d n.r.e.,
617 S.W.2d 188 (Tex. 1981); City of San Angelo v. Boehme Bakery, 144
Tex. 281, 190 S.W.2d 67 (Tex. 1945).  In those cases, either there was a claim
directly against the city, see Nu-Way Emulsions, 610 S.W.2d at 563
(addressing appellant’s claim seeking a declaration that the city’s ordinance
was unconstitutional), or the city was sued instead of the board, see Boehme
Bakery, 190 S.W.2d at 283.  LIT pointed us to no case, nor have we found
one, in which the applicant sought and was granted relief against both the city
and the board.  In Pick-N-Pull, the appellant had filed its petition
against both the board and the city, but the court of appeals noted that
Pick-N-Pull had not sought separate relief against the city.  45 S.W.3d at 339
n.1.  The court of appeals noted that because the only relief the trial court
could have granted was reversal or modification of the board’s decision, the
grant of the board’s motion for summary judgment “dispose[d] of all parties and
issues in this appeal.”  Id.  Here, LIT sought no separate relief from
Flower Mound.  Flower Mound had no authority to review the Board’s decisions.  See
Flower Mound, Tex., Code of Ordinances § 78-84(e) (providing the process
for appealing a board’s determination to the court).  Summary judgment was
therefore proper as to Flower Mound.

C.  The
individual Board members

          LIT
notes that the appellees cited no authority for their argument that the Board
members should be dismissed.  LIT, however, cites no authority that the Board
members should not be dismissed.  The only case LIT mentions did not
involve an appeal from a board’s decision, and is therefore inapposite here.  See
Lindig v. City of Johnson City, No. 03-08-00574-CV, 2009 WL 3400982, at *1
(Tex. App.—Austin Oct. 21, 2009, no pet.) (mem. op.).  In Lindig,
Johnson City, the city’s building official, and the individual members of the
Board of Adjustment were parties.  Lindig, however, was a suit
instigated by the city for a temporary injunction after the Lindigs refused to
pay a building permit fee, and the Lindigs made various counterclaims against
the other parties.  Id.

          LIT
filed its petition against the Board members solely in their capacity as Board
members.  “It is fundamental that a suit against a state official is merely ‘another
way of pleading an action against the entity of which [the official] is an
agent.’”  Tex. A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 844 (Tex.
2007) (quoting Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099,
3105 (1985)).  A suit against an official in his official capacity “actually
seeks to impose liability against the governmental unit rather than on the
individual specifically named and ‘is, in all respects other than name, . . . a
suit against the entity.’”  Id. (quoting Kentucky, 473 U.S. at 165,
105 S. Ct. at 3105).  LIT makes no complaint of any acts of any individual
Board members and seeks no relief other than relief from the Board’s decision.  LIT
filed its petition against the Board, and the Board remains a party to this
case.  The individual Board members are therefore not necessary or proper
parties to this suit.  Summary judgment was therefore proper as to the
individual Board members.  We overrule LIT’s third issue.

III.
 Gross negligence, bad faith, or malice

          In
LIT’s fourth issue, it argues that it should be awarded costs of this action. 
Under section 211.011 of the local government code, costs may be assessed
against the Board if “the court determines that the board acted with gross
negligence, in bad faith, or with malice in making its decision.”  Tex. Loc.
Gov’t Code § 211.011(f) (West 2009).

LIT
made no allegation in its petition that the Board acted with gross negligence,
in bad faith, or with malice.  In its response to the appellees’ motion for
summary judgment and on appeal, it claimed that that Board “considered,
discussed[,] and applied considerations which are obviously irrelevant and
prejudicial.”  It referred specifically to a slide in a PowerPoint presentation
made to the Board in which the building official stated, “I believe the cost of
[the heating equipment] is one of the real driving forces in the opposition of
heating the space,” and the building official’s testimony that “he had been
originally told that the workers in the factory considered themselves lucky to
have a job.”

LIT
appears to argue that the Board acted with gross negligence, in bad faith, or
with malice by simply having heard the statements by the building official.  We
are not persuaded that by doing so, the Board “proceed[ed] with conscious
indifference to the rights, safety, or welfare of others,” or that it had the
“specific intent . . . to cause substantial injury” to LIT.  Tex. Civ. Prac.
& Rem. Code Ann. § 41.001(7), (11) (West 2008) (defining malice and gross
negligence).

Neither
are we convinced that by applying the wrong standard of review, the Board acted
with gross negligence, in bad faith, or with malice.  The record shows that the
Board diligently sought to fulfill its duties and requested clarification of
the proper standard of review.  That it was given the wrong standard to apply by
the town’s attorney cannot be attributed to some dereliction of the Board’s duty
or malicious intent on behalf of the Board.  We overrule LIT’s fourth issue.

Conclusion

          Having
overruled LIT’s third and fourth issues, we affirm the trial court’s summary
judgment as to Flower Mound, the building official, and the individual Board
members and as to LIT’s request that it be awarded costs of the action.  Having
sustained LIT’s first issue in regards to the Board, we reverse that part of
the trial court’s judgment granting summary judgment as to the Board.  We
remand to the Board for further proceedings consistent with this opinion.  See
Pearce v. City of Round Rock, 78 S.W.3d 642, 651 (Tex. App.—Austin 2002,
pet. denied) (remanding to the board for further proceedings consistent with
the proper applicable definitions as held by the court of appeals); J.B.
Adver., Inc. v. Sign Bd. of Appeals of City of Carrollton, 883 S.W.2d 443,
449 (Tex. App.—Eastland 1994, writ denied) (remanding because board refused to
allow appellants the right to cross-examine witnesses at the board hearing).

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  January 31, 2013









[1]See Tex. R. App. P. 47.4.





[2]The Board of Adjustment is
a quasi-judicial body authorized to hear and decide appeals regarding
determinations by an administrative official in the enforcement of an ordinance
adopted under subchapter 211 of the local government code.  See Tex.
Loc. Gov’t Code Ann. § 211.011(a)(1) (West 2008).  The Board’s decisions
are subject to appeal before a state district court, county court, or county
court at law upon petition for a writ of certiorari.  Id. § 211.009(a)(1);
Flower Mound, Tex., Code of Ordinances § 78-84(e) (2002), available at http://www.municode.com/Library/TX/Flower_Mound;
Pick-N-Pull Auto Dismantlers v. Zoning Bd. Of Adjustment of the City of Fort
Worth, 45 S.W.3d 337, 339–40 (Tex. App.—Fort Worth 2001, pet. denied).





[3]This is not a ground of
illegality specified in LIT’s petition for writ of certiorari filed in the
trial court.  However, the supreme court has held that this defect is
procedural, not jurisdictional, and may be waived.  See Tellez v. City of
Socorro, 226 S.W.3d 413, 414–15 (Tex. 2007) (reversing the dismissal of
Tellez’s appeal on the basis that his petition did not specify the grounds of
illegality because the city did not object in the trial court).  The appellees
did not object in the trial court and thus waived any objection.  See id.